ELLA BLAIR DUNHAM *vs.* MILES DUNHAM.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and KELLOGG, Js.

General Statutes, § 5291, provides that in all controversies before the Superior Court between husband and wife as to the custody of minor children of the marriage, the court may assign the custody to either parent according to its best judgment. *Held* that this statute did not confer an original, independent jurisdiction upon the Superior Court, as the plaintiff contended, but merely empowered it to pass such orders respecting the custody of a child as were ancillary and incidental to the complete determination and disposition of divorce proceedings pending before it; and therefore the Superior Court had no original jurisdiction to try a cause in which the right to the custody of a child was the sole issue.

The right to retain the custody of a minor child may properly be tested by a writ of *habeas corpus.*

The care of the persons and estates of minors has long been committed to Courts of Probate in this State, and its jurisdiction for that purpose is general, ample, and intended to cover the requirements of any situation.

Argued May 2d—decided June 3d, 1922.

PETITION to obtain the sole custody, care and education of a minor child, brought to and heard by the Superior Court in Litchfield County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error and cause remanded to be dismissed for want of jurisdiction.*

The petition sets out that the plaintiff and the defendant were married in 1908, and have one child now ten years of age; that in 1915, the Superior Court for the County of Berkshire, in the Commonwealth of Massachusetts, granted a divorce to the defendant in this action for the cause of cruel and abusive treatment, and ordered that the custody of their minor child be given to the plaintiff in this action from the first Mon-

day in September to the 15th of June next following in each year, and to the defendant in this action at other times, each parent to have the right to see the child at convenient opportunities while in the custody of the other, and the plaintiff in this action having permission to take the child without the Commonwealth while in her custody; that at the time of this libel for divorce and this decree, the defendant in this action was a resident of the town of Sheffield, Berkshire County, Massachusetts, and the plaintiff in this action resided in the town of North Canaan, Litchfield County, Connecticut; but since said decree was made and for more than three years next before the date of this petition, both parties have resided in Connecticut, and during the same time the minor child has lived with one or the other of his parents in this State. The plaintiff further alleges that the defendant is not a fit person to have the custody of the minor child, that he has refused to give her the custody according to the terms of the Massachusetts decree, and that the plaintiff is a fit person to have the exclusive custody and the child desires to remain with her. She claimed the exclusive custody of the child and an injunction to restrain the defendant from interfering therewith.

The defendant filed (a) an answer denying, among other matters, his own unfitness and the plaintiff's fitness to have the custody of the child; (b) a plea to the jurisdiction because, among other reasons set out, the Superior Court for Litchfield County had no jurisdiction to change the decree of the Superior Court in Massachusetts concerning the custody of the child; and (c) a demurrer to the relief claimed by the plaintiff because the Superior Court in this State has no jurisdiction to grant the relief prayed for. He concluded his pleading by asking that the petition be dismissed for want of jurisdiction.

It also appears in the pleadings that each of the parties had at different times obtained from the Court of Common Pleas in Litchfield County a writ of *habeas corpus* intended to enforce compliance by each with the terms of the Massachusetts decree concerning the custody of the child.

*Frank B. Munn*, for the appellant (defendant).

*Samuel A. Herman* and *J. Clinton Roraback*, for the appellee (plaintiff).

BURPEE, J.   Properly disregarding some immaterial allegations in the pleadings, the court below first considered the question whether it had jurisdiction to act upon this petition.   It held that it had full power and authority to determine the cause.   That decision is assigned as a reason of appeal.

In Connecticut since the earliest colonial days, "a benign yet arbitrary power, which every sovereignty exercises, to take care of the persons and estates of infants," has been conferred by statute upon Courts of Probate.   *Olmsted* v. *Olmsted*, 38 Conn. 309, 319. Primarily the parents are entitled to the custody of their minor child, and formerly, in case of controversy, the father to the exclusion of the mother.   Since 1901 the rights of both parents have been equal; and upon the death of either the surviving parent becomes the sole guardian.   The right of custody has never been an absolute right, which could be bargained away or disposed of or transferred by either parent, except by giving in adoption with the approval of a Court of Probate in a manner prescribed by statute.   *Johnson* v. *Terry*, 34 Conn. 259, 263; General Statutes, §§ 4878, 4879.   After the death of both parents, Courts of Probate have always been empowered to appoint a guardian

to have the custody of the person of a minor orphan. Acts and Laws, 1750, p. 85; General Statutes, §§ 4863, 4864.

This jurisdiction and power of the Court of Probate has been long established, has been expressed from time to time in terms adapted to conditions which experience has revealed, is general and ample, and evidently intended to cover the requirements of all circumstances. General Statutes, Chap. 248. From any decree of the Court of Probate, any person aggrieved may appeal to the Superior Court. General Statutes, § 5071. The appellate court will take the place of the Court of Probate and try the case *de novo*, but it has no greater powers. *Davis' Appeal*, 39 Conn. 395, 401; *Mack's Appeal*, 71 Conn. 122, 132, 41 Atl. 242; *Wilson v. Warner*, 84 Conn. 560, 80 Atl. 718.

To test the right to retain the custody of a minor child, the writ of *habeas corpus* has long been used and approved as the form of proceeding. *Fields v. Law* (1796), 2 Root, 320, 323; *Kelsey v. Green* (1897), 69 Conn. 291, 298, 37 Atl. 679. In such proceedings the trial court is not bound by a previous decree of a court of another State, when the child has since become a resident of this State. In such conditions the welfare of the ward of the State is the paramount consideration, whether the controversy be between parent and parent or between a parent and a stranger. And in reaching a conclusion as to what will best subserve the best interests of the child, "its own wish and choice may be consulted . . ., if it be of an age and capacity to form a rational judgment." *Richards v. Collins*, 45 N. J. Eq. 283, 287, 17 Atl. 831; *Kelsey v. Green*, 69 Conn. 291, 299, 37 Atl. 679.

In this State, "divorce . . . is the special creature of statute." *Steele v. Steele*, 35 Conn. 48, 54. By statute exclusive jurisdiction has been conferred upon the

Superior Court to grant divorces for specified offenses, and the form of procedure prescribed. General Statutes, Chap. 282. Authority has been conferred also to make certain specified orders relating to matters which are incidental to the principal action. The court may assign to a divorced woman a part of her husband's estate, and change her name, and order alimony *pendente lite.* In 1837, "on any petition of a woman for divorce," it was enacted that the court might make an order as to custody of children and at any time thereafter annul or vary such order. In 1877 these provisions were made applicable to any case in which the Superior Court might, "on complaint," declare a marriage void. It is evident that in each case the order was one to be made in a proceeding incidental to an action for divorce. In 1883 an Act was passed, and amended in 1885, which is now § 5291 of the General Statutes. By its terms it applies only "in all controversies before the Superior Court between husband and wife as to the custody of minor children of the marriage." At the time this Act was passed, there could be no such controversy before the Superior Court except one involved in or growing out of an action for divorce or a writ of *habeas corpus* such as we have mentioned above. The application of the provisions of this statute was evidently limited to the former action. Moreover, the incidental character of the relief which it was intended to provide is further indicated in the last clause of the Act, which provides: "when such court is not actually in session, any judge thereof may, prior to any action in the premises by the Superior Court, make any order which he may deem reasonable as to the care, custody and maintenance of any such minor children during the pendency of the cause, and may make any proper order in the cause, including orders of injunction, and any such orders

may afterwards be set aside or altered by such court, or by such judge when such court is not actually in session." As an auxiliary to a controversy before the court in the form of a petition for divorce, to obtain or retain the custody of children, such a provision as this is adapted to serve a reasonable purpose; but in an independent proceeding having no object but to obtain the custody of children, it is difficult to presume that authority would be given to a judge alone, apparently without notice or hearing, to make an order which would effectively decide the controversy in favor of one party or the other, at least until the indefinite time when such order should be set aside or modified by the court in session after hearing. In fact, the phrase "to make any order" is applicable to a ruling on an interlocutory motion or petition rather than to a decision upon the principal matters in controversy. We think that in this statute the words "controversies before the Superior Court" were plainly intended to mean "controversies pending in the Superior Court," and that the action of the court or the order of the judge relating to the custody of the children is restricted to such as may be made in a proceeding incidental to a pending action. That is, the court's jurisdiction to entertain a petition for relief of this kind and to grant its prayer is a jurisdiction already acquired in an original and independent action pending in the court. Whether this statute makes any addition to the powers which the Superior Court has authority to exercise in divorce proceedings may be questionable, but it seems to us manifest that it was not intended to confer upon that court any original and independent jurisdiction over the custody of the person of a minor child. There is no apparent need or occasion to give to another court the authority over such matters which had long ago been delegated to the Court of Probate,

and which had been exercised by that court constantly for many years and proved to be easily available and practically efficient. That authority, vested in the Court of Probate, in the lack of terms expressly indicating otherwise, may well be regarded as exclusive. That this statute was designed to bear upon divorce proceedings only, may reasonably be inferred from the fact that it has been always included in the sections of the chapter of the General Statutes concerning such proceedings, by the makers of the three revisions of the statutes which have been adopted by the General Assembly since this statute was enacted.

The petition in the present case is not incidental to any proceeding for divorce now pending in the Superior Court. It is an independent petition, and no jurisdiction over it has been acquired in any previous action. *Morrill* v. *Morrill*, 83 Conn. 479, 483, 77 Atl. 1. In our opinion the Superior Court erred in holding that it had jurisdiction over this cause.

This conclusion renders it unnecessary to consider other assignments of errors involved in the judgment of the court below.

There is error, and the cause is remanded with direction to the Superior Court to dismiss the same for want of jurisdiction.

In this opinion the other judges concurred.