THOMAS J. PFEIFFER *vs.* LUELLA H. PFEIFFER.

Second Judicial District, Norwich, April Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The equality of rights accorded to each parent as joint guardians of the persons of their minor children, by § 4861 of the General Statutes, continues though the parents live separate and apart. But their rights will be subordinated to the welfare of the child in any controversy between them in the courts as to its custody.

The Superior Court is the proper forum to settle the custody of the child if the question arises in divorce proceedings or upon *habeas corpus;* otherwise the Court of Probate has exclusive jurisdiction.

The determination of the question of the custody of an infant, especially when both parents are suitable custodians, rests largely in the discretion of the trial court which sees and hears the contending parties.

A judgment awarding the custody of a child to its mother, but allowing it to visit its father during the school vacations in each year, does not remove him as joint guardian of the child.

Argued April 24th—decided June 1st, 1923.

WRIT OF HABEAS CORPUS by a husband against his wife to obtain the custody of their four year old daughter, brought to and tried by the Superior Court in New London County, *Jennings, J.;* facts found and judgment rendered that the defendant (the mother) should have the custody of the daughter, but should allow her to visit her father during the Christmas and summer school vacations in each year, and from this judgment the plaintiff appealed. *No error.*

The plaintiff and defendant intermarried February 20th, 1917, and a daughter was born of the marriage who was four years old when these proceedings were instituted in December, 1921.

In the spring of 1921 the defendant had brought an action against the plaintiff for divorce on the ground of intolerable cruelty, and the action was dismissed on its merits. At that time the child was in the custody of the mother, and the father then brought this action. At a hearing in December, 1921, the parties, with the advice and approval of the court, entered into a stipulation apportioning the custody of the child for the period up to the opening of the public schools of Norwich for the fall term of 1922, "upon which day said Thomas J. Pfeiffer shall deliver and return said child to its mother Luella H. Pfeiffer, when said parties hereto shall agree as to the further custody of said child." The cause was continued pending performance of this stipulation. It was duly per-

formed up to the day when the plaintiff was to return the child to its mother, which he refused to do and has since retained its custody. The defendant first asked for a ruling to show cause why the plaintiff should not be adjudged in contempt for refusing to perform the stipulation, but at the suggestion of the court the cause was heard on its merits with a view to determine the custody of the child. The court has found that both parties are devoted to the child, that both are suitable persons to have the custody of the child, and that the best interests of the child will be served by awarding the custody to the mother, but allowing the child to visit the father for the Christmas and summer school vacations in each year. Judgment was entered accordingly.

*Arthur M. Brown* and *Charles V. James*, for the appellant (plaintiff).

*George C. Morgan* and *Lee R. Robbins*, for the appellee (defendant).

BEACH, J. The assignments of error pursued on the brief are, that the court had no jurisdiction in this action to disturb the plaintiff's custody of the child; that the exclusive jurisdiction to remove the plaintiff as guardian was in the Court of Probate; and that the court erred in finding and refusing to find certain facts.

We have examined the evidence and see no reason to correct the finding. The finding that both parties are so situated financially that they can care for the child, is not inconsistent with the other facts found; and other corrections asked for, so far as they are material, are based on conflicting evidence.

The argument against the jurisdiction of the Superior Court is based on the theory that the joint guardianship provided for in § 4861 cannot be exercised

while the father and mother are living separate and apart; that in such case the statute is inoperative, and therefore the rule of the common law survives, that the father, being a suitable person, is entitled to the sole custody even as against the mother. It is, however, too late to invoke the common-law rule in this State. The plain purpose of the statute was to make the legal rights of the father and the mother equal as joint guardians. Though they live separate and apart their legal rights as guardians remain equal. But if they cannot agree as to the custody of the infant, and appeal to the courts to determine to whom the custody of the child shall be awarded, their legal rights will be subordinated to the paramount consideration of the welfare of the infant. *Kelsey* v. *Green*, 69 Conn. 291, 37 Atl. 679; *Dunham* v. *Dunham*, 97 Conn. 440, 117 Atl. 504. If the question of the custody of the infant be presented in divorce proceedings, or by writ of *habeas corpus*, the Superior Court is the proper forum. Otherwise, the probate courts have exclusive jurisdiction. *Dunham* v. *Dunham, supra.* In either court, as we said in that case, "the welfare of the ward of the State is the paramount consideration, whether the controversy be between parent and parent or between a parent and a stranger." The determination of the custody of an infant, especially when both parents are suitable custodians, rests largely in the discretion of the trial court which sees and hears the contending parties; and in this case there is no claim that it has misused its discretion. It is perhaps unnecessary to add that the Superior Court has not by this judgment removed the father as joint guardian of the infant.

There is no error.

In this opinion the other judges concurred.