JOHN JOSEPH SEMPLE
vs.
CHRISTINE SEMPLE

Superior Court        Tolland County        File #3722

Present: Hon. ERNEST A. INGLIS, Judge.

Frederick J. Rundbaken,          Attorney for the Plaintiff.

Edward W. Broder ,          Attorney for the Defendant.

## MEMORANDUM FILED MARCH 18, 1936.

INGLIS, J.   Before the merits of this motion can be passed upon it must first appear that the Court has at this time authority to entertain it.   This Court has power to make an order for the support and maintenance of a minor as incidental to the award of the custody of that minor.   It has no power however either to award the custody or order the support of a minor except in habeas corpus proceedings in some other proceeding as authorized by statute.

**Dunham vs. Dunham, 97 Conn. 440.**

This is not a habeas corpus proceeding but rather a divorce action and it, therefore, becomes necessary to inquire as to whether there is any statute which authorizes the court to enter an order either for custody or support of the minor child of the parties in a divorce case which has gone to judgment in this Court, from which judgment an appeal has been taken.

**Section 5187 of the General Statutes, Revision of 1930,** clearly does not authorize it because that obviously contemplates that the liability of the respective parents to contribute to the support of minor children shall be determined in a separate action brought for that purpose.

In the same way **Section 5185 of the General Statutes** also provides that the custody of a minor child may be awarded to the mother but only on a "complaint" of the mother. This clearly indicates that a separate action started by a complaint is contemplated. Moreover, this statute applies only where a divorce has been granted on the complaint of the mother or where the mother and father live separately "by reason of the abandonment or cruelty of the husband." Neither of these alternatives is the case here.

The third statute upon which the defendant bases her claim is **Section 5184 of the General Statutes, Revision of 1930.** That statute reads as follows: "On any complaint for a divorce, the court may, at any time, make any proper order as to the custody, care and education of the children and may, at any time thereafter, annul or vary such order."

The complaint in this action contained no prayer for the award of the custody of the minor child of the parties. Judgment of divorce was entered on November 7th, 1935. Although that judgment was appealed from it remains the final judgment of the case so far as this Court is concerned unless and until it is revised on appeal. For that reason the "complaint" for divorce is no longer pending in this Court. It has been merged in the judgment so to speak. In any event this Court no longer has any power to act upon the complaint as such. So long as the judgment stands, that is . until it is revised by the Supreme Court of Errors or is opened by this Court the complaint as such is not before this Court. It is obvious, therefore, that the first part of the statute does not apply. That authorizes the entry of an order for the custody of the child "on any complaint" for a divorce. If no complaint for divorce is pending, no order for custody may be entered under that part of the statute.

Of course, it is common to enter orders relative to custody of minor children after a divorce judgment has been entered. This is done by virtue of the last portion of Section 5184 which provides that the court "may at any time thereafter, annul or vary such order." If, however, no order for the custody of children is made a part of the divorce judgment it is obvious that there is no order to "annul or vary." In the absence of such an award of custody in the divorce judgment, therefore, this statute does not grant any power to the court

to pass an order for such custody thereafter.

There is no other statute which under any reasonable interpretation would authorize the court to either make an award of the custody of the child or enter an order for its support at this time and in this action.

The motion for support of the minor child is denied.