CATHERINE ASHLEY BRAZEE
vs.
GEORGE AND CLARA BRAZEE

Superior Court          Fairfield County          File #53326

Present:   Hon. NEWELL JENNINGS, Judge.

Mernstein & Weisman,          Attorneys for the Plaintiff.

John H. Cassidy,          Attorney for the Defendants.

**MEMORANDUM FILED MAY 20, 1937.**

JENNINGS, J.   This case discloses the picture, unfortunately not unusual today, of two young people who have apparently given up hope of being able to adjust themselves to married life with each other after more than ten years' trial. It is hard to say why this should be so.   They are intelligent, efficient, healthy and good looking.   The basic difficulty appears to be economic.

They have two fine children, a boy of ten and a girl of eight.   The boy has always lived with his paternal grandparents in Thomaston.   The girl has spent better than a third of her time there due to the difficulties of her parents.   The custody of the girl only is here brought into question.   Her recent history is as follows:

In April, 1936, another separation was in prospect and the girl went to her grandparents with the consent and at the desire of both her parents.   Until the first of the year she spent occasional week ends with her mother in Stamford as well as part of her mother's vacation.   She was apparently

taken there whenever the mother requested that she be allowed to come. The first of the year there was a serious quarrel between her parents and the mother did not request another visit until March. When the father brought her down for that purpose, the mother announced her intention of keeping her. Conferences between the parties and their attorneys producing no results, the father called for her at school on April 19 and took her back to Thomaston. She has been there since. This action of habeas corpus is brought to determine the question of custody. It is apt for the purpose.

**Pfeiffer vs. Pfeiffer, 99 Conn. 154.**

The welfare of the child is the sole issue. **Anderson vs. Anderson, 122 Conn. 600.** All the parties are equally fond of the child and are suitable persons to have her custody.

The mother works as a switch board operator for the Conde Nast Company and receives eighteen dollars a week. With a friend she leases a four-room apartment in a large apartment block for fifty dollars a month. It contains a bed room, living room, kitchen and "dinette". The lease runs out September first. Some new arrangement will probably be made at that time since her friend, a divorcee, has recently re-married. During the three weeks of her daughter's last stay, she attended a near-by school. Her mother left for work at 8:30 after getting her daughter's breakfast and putting up a lunch for her. The daughter was started to school by her mother's friend, ate lunch at school and was met after school by a fifteen year old high school girl who looked after her until the mother's return at six.

The grandparents own and occupy a seven-room house on a three acre lot just outside of Thomaston. There is a suitable school near by. The brother and sister get on nicely together and have all outdoors to play in. The grandparents are fond of both children and are willing though not anxious to accept the responsibility of the girl as well as the boy. They give both children excellent care and supervision.

To give the sole custody to the mother under these circumstances would be to make her desires and natural affection the criterion rather than the welfare of the child. In the natural course of events both the child and the grandparents will grow older and the time may come when the latter will be unable or unwilling to give the former the necessary care and

supervision. When that time arrives, there should be no dif-ficulty about making some other arrangement. Meanwhile, the mother should be allowed to keep in touch with her daughter. The custody is awarded to the respondents. The mother should be allowed to visit her child at all reasonable times and to have her in Stamford for at least one week-end in the fall, winter and spring as well as for one week during one of the periodical vacation periods of the school year. She should also have her for at least two weeks during the sum-mer recess. All of these visits should be at the election of the plaintiff provided two weeks' notice is given to the de-fendants. None of the parties should allow the child to leave the State without the consent of this Court.

The writ is dismissed on the foregoing conditions