STANLEY A. PRICE
*vs.*
HELEN MARION PRICE

Superior Court          Hartford County          File No. 62232

MEMORANDUM FILED NOVEMBER 13, 1940.

*Harry C. Brogan,* of New London, and *Edward J. Lonergan,* of Hartford, for the Plaintiff.

*Max Adelson,* of Hartford, for the Defendant.

QUINLAN, J.   This appeal by the father of a minor girl, Sylvia Price, from a decree of the Probate Court of Manchester, removing him as a natural guardian of his daughter, fails to reveal such evidence as would warrant his removal.

I made this finding and conclusion apart from the jurisdictional question involved with the courts of our sister state, Rhode Island, by which latter court the custody of the child was given to the mother, subject to some vacation visits to the father.

*Dunham vs. Dunham,* 97 Conn. 440, 443, holds that "the trial court is not bound by a previous decree of a court of another state, when the child has since become a resident of this State."   The courts are not in accord as to the effect of a judgment providing custody in another jurisdiction.   *See* Note, 39 L.R.A. (N.S.) 988.   But that question need not be decided.   The mother and the child reside in this State and any future conduct of the father prejudicial to the child is likely to jeopardize his status with relation to the child, notwithstanding the decree of the Rhode Island court.   This is not to say that in view of this court's conclusion that the decree of that court should not be respected.

However, the conclusion set forth in the first paragraph of this memorandum is fortified by the opinion of a reputable physician in nervous diseases, employed at the joint suggestion of the parties to aid the court.   He fails to find anything in the father's conduct that would lead one to believe the father was immoral, and as above indicated I do not find him to be such an unfit person as would warrant his removal as a natural guardian.

I heard the father in the courtroom, and talked with both parties and the little girl in chambers, with the knowledge and accord of counsel.   The father is headstrong and that

attitude should not be manifested to the child. Both parties can contribute to the child's happiness by refraining from discussing with her the happenings in the opposing households.

Under the Rhode Island decree an order of support for the child of $50 per month was made available. Due to an honest belief on the part of the mother that because of the child's residence the latter's happiness would be advantaged by a resort to one of our probate courts, she fell into contempt of the Rhode Island court. The mother's custody was suspended under the contempt and the allowance also withdrawn. Because of my desire to respect the Rhode Island court, and my confidence that that court will understandingly approach the mother's position and because I believe that the restoration of such allowance is a factor in the child's welfare, in addition to all the foregoing, I sustain the plaintiff's appeal in the respectful expectation that the original status of the child under the Rhode Island decree will be reinstated, and which counsel assure me will be their endeavor.

It may be also that the penalty of the contempt ought not deprive this child of the suspended payments *in toto*.