The proceeding involves the custody of a minor child. A writ of habeas corpus has been issued on the application of the father of the child. The application recites that the parents of the child are divorced, that an agreement was entered into between the parents relative to the child's custody, and that contrary to the provisions of the agreement the respondent mother is unlawfully and without right confining and holding the child in her custody. The application is verified by the affidavit of the applicant as required by statute.
1. Paragraphs 1 and 2 of the plea in abatement and of the motion to dismiss question the sufficiency of the allegations in the application, and the propriety of the issuance of the writ.
Section 1419e of the 1939 Supplement to the General Statutes, regulating issuance of writs of habeas corpus, prescribes merely that an application for a writ be verified by the affidavit of the applicant, and requires no particular form of application. Forms 540 and 541 in the Practice Book (1934) indicate that an application which contains a simple allegation that the person in whose behalf the writ is sought is unlawfully confined, without a recital of the facts on which the allegation is based, is sufficient. *Page 277 
The function of the application is to secure the issuance of the writ, and when that is issued, the application has accomplished its purpose. The issue upon which the trial and determination takes place is framed by the return and subsequent pleadings, and not by the allegations of the application. The return is responsive to the writ, which emanates from the court, not to the application. 29 C.J. Habeas Corpus §§ 156, 187. See, also, Scott vs. Spiegel, 67 Conn. 349, 358, and Gen. Stat. (1930) § 5896.
By section 4794 of the General Statutes, Revision of 1930, the parents of minor children are constituted joint guardians of the persons of such minors with equality of rights. Where the parents live separate and apart, it is desirable that they enter into some mutually satisfactory arrangement concerning custody; but if they cannot agree, and appeal to the courts, their legal rights will be subordinated to the paramount consideration of the welfare of the child. Pfeiffer vs. Pfeiffer,99 Conn. 154, 157.
However, the legal rights of the parents, though subordinated to the paramount consideration of the welfare of the child, are also entitled to consideration in a proceeding such as the present one. While the primary question is the best interest of the child, it is not the sole question. 29 C.J.Habeas Corpus § 101, notes 10-13.
The application recites that it is made by the father of the child, that he claims to be legally entitled to its custody, that the respondent is unlawfully and without right confining and holding the child in her custody, and the application is verified as required by the statute. It is therefore found to be sufficient. The matters contained in paragraphs 1 and 2 of the plea in abatement and in paragraph 1 of the motion to dismiss, if proper subjects of consideration in these proceedings, should be incorporated in the return.
2. In paragraph 3 of the motion to dismiss and the plea in abatement the respondent contends that this court is without power in habeas corpus proceedings to consider matters affecting the custody of minor children, and that such jurisdiction lies only in the Superior Court. Respondent cites as authority section 5186 of the General Statutes, Revision of 1930, and the statement in the opinion of Justice Beach in Pfeiffervs. Pfeiffer, 99 Conn. 154 at 157: "If the question of the custody *Page 278 
of the infant be presented in divorce proceedings or by writ of habeas corpus, the Superior Court is the proper forum. Otherwise, the probate courts have exclusive jurisdiction."
Section 5186 has no bearing on the jurisdiction exercised by the Superior Court in habeas corpus proceedings, and furnishes the respondent no support. Dunham vs. Dunham,97 Conn. 440, 444, 446. This statute did not give the Superior Court any original and independent jurisdiction to entertain matters involving the custody of minor children apart from the jurisdiction it already enjoyed in habeas corpus proceedings and as an incident of divorce proceedings. Dunhamvs. Dunham, supra, p. 445.
The statement in the Pfeiffer opinion merely reiterates what was said in the Dunham case as to the extent of the jurisdiction, in custody cases, of the Superior Court. The scope of the jurisdiction of the Court of Common Pleas in habeas corpus proceedings was not in question.
By section 1419e of the 1939 Supplement to the General Statutes, writs of habeas corpus may be issued by the Superior Court or the Court of Common Pleas. Jurisdiction of the latter court in such matters has existed since the court was established in 1870, and was conferred by section 8 of chapter 85 of the Public Acts of 1870, which gave the court the same powers in such causes as the Superior Court theretofore enjoyed. The Statutes of 1803, page 69, conferred authority on the judges of the Superior Court to issue such writs. In the Revised Statutes of 1821, page 265, the authority was lodged in the judges of the Superior Court or County Court, and continued in both courts (see Revision of 1849, page 132 and Revision of 1854, page 152) until the County Court was abolished in 1855. Thereafter, and until the Courts of Common Pleas were established, the authority rested in the Superior Court alone. See Revision of 1866, page 87.
The writ of habeas corpus exists as part of the common law and the purpose of the statutes regulating its issuance is to perfect the remedy it is designed to afford. Swift's Digest,
569.
Such statutes have not been intended to detract from its force, but rather to add to its efficiency. By increasing the facilities for procuring it, and enlarging the class of officers having jurisdiction in respect of it, the statutes have been intended *Page 279 
to prevent the writ being rendered inoperative. Peopleex rel. Tweed vs. Liscomb, 60 N.Y. 559, 566; 25 Am. Jur.Habeas Corpus § 7.
The jurisdiction conferred by our statutes on the Court of Common Pleas in habeas corpus proceedings, being in general terms and without limitation, must be held to embrace all matters which at common law came within the purview of the writ. People ex rel. Tweed vs. Liscomb, supra, 566.
The writ has long been employed at common law in controversies involving the custody of minor children. Swift's Digest,
568; Fields vs. Law, 2 Root 320, 323; 1 Bailey, HabeasCorpus (1913) § 145.
The scope of the jurisdiction exercised by this court in habeas corpus proceedings derives from the common law and includes causes relating to the custody of minor children. That this has been recognized generally may be noted from the number of such causes heretofore returned to the Court of Common Pleas in this and in other counties. The statement of facts in the Dunham case (p. 442) recites that on two occasions the parties in that case obtained the writ from the court in Litchfield County: in Williams vs. Stotts, 5 Conn. Sup. 346, the writ was issued by the court in Hartford County; and in cases numbered 42331, 41590, 20596 and 20484, the writ was issued by the court in Fairfield County. The number could undoubtedly be multiplied by examination of the records in the various counties.
 The demurrer is sustained for the reasons noted therein and the motion to dismiss is denied.