## CHARLES R. BLOMBERG
*vs.*
## CATHERINE A. BLOMBERG

Superior Court        Hartford County        File No. 67588

MEMORANDUM FILED JUNE 29, 1942.

*Gross, Hyde & Williams,* of Hartford, for the Plaintiff.

*Cornelius D. Shea,* of Hartford, for the Defendant.

Memorandum of decision in proceeding involving custody of child.

MUNGER, J.   The parties have raised interesting questions of law with respect to the judgment which should be rendered. It is said that by virtue of the appointment of the plaintiff as guardian by the probate court in Illinois and because full faith and credit must be given to this decision nothing remains for this court except to recognize this decree and award custody to the plaintiff. The plaintiff says that the domicile of the child is that of the father in Illinois and that the probate court in that state had jurisdiction to pass the decree.

The defendant has contended that the domicile of the child is that of the mother who is living here at the present time in Connecticut and that she had a right to acquire a separate domicile. The defendant further has contended that the probate court in Illinois was without jurisdiction to enter its decree appointing the plaintiff guardian of the child because the defendant in that court entered a special appearance only

for the purpose of contesting jurisdiction and the court was without power to render any decree *in personam*.

In *Torlonia vs. Torlonia*, 108 Conn. 292, it was held that the wife might acquire a separate domicile when the circumstances of the case warranted it; that is, if she left her husband for cause she would acquire such domicile. With respect to this claim it can only be said that I could not find a separation from the husband for cause sufficient to give the defendant a right to acquire a domicile in Connecticut apart from that of her husband.

So far as the claim is made by the defendant of lack of jurisdiction of the probate court in Illinois to appoint the plaintiff guardian, there is abundant authority that in habeas corpus proceedings the court is exercising equity powers and the nature of the proceeding is in fact one not *in personam* but one *in rem*, a proceeding that is to determine the status of the child. *People vs. Wilcox*, 22 Barb. (N.Y.) 178, 189; *Richards vs. Collins*, 45 N.J.Eq. 283, 286.

In the case last cited the court said (p. 285): "But the court of chancery exercises a far more extended control in respect to the right of custody of children in virtue of an inherent jurisdiction over that subject. In the exercise of this higher authority, that court may permanently fix the *status* of infants even in disregard of the legal rights of parents, where the welfare of the infants requires it."

I do not, however, rest the decree which is now entered upon the basis of any absolute legal right which has been gained by the plaintiff by virtue of his appointment as guardian of the child by the probate court in Illinois and nothing in the decree of this court now to be rendered is to be taken as overruling any claim made by the plaintiff, on any ground, that he is entitled to custody.

I am firmly convinced that both parents have the welfare of this child at heart. I am further firmly convinced that considering the matter from every possible aspect the welfare of the child will be better served by awarding the custody to the father subject to the right of the mother to have custody for a limited period during the year. The economic status of the father would best serve the child's welfare. The mother is now employed and at the present time earns good wages, but they are the product of circumstances highly artificial and it

is impossible to say how long this earning capacity may be maintained. I rest this decree upon the authority of *Pfeiffer vs. Pfeiffer,* 99 Conn. 154.

I find that the welfare and best interests of the child require that custody should be and it is hereby awarded to the plaintiff, subject, however, to the right of the defendant to have custody from the end of the school year in June during the summer vacation until school resumes again in the fall. It has been signified to the court that the plaintiff, when school resumes in the fall, will come and take the child back to his own domicile in Illinois, and it is the decree of the court that at such time the defendant shall surrender the custody of the child to the plaintiff with whom it shall continue to reside until the beginning of the next school vacation in the summer. A judgment file may be prepared carrying out and specifying the terms of the decree as now rendered.