## ANNA LIMAURO
*vs.*
## ALFRED LIMAURO

Superior Court        New Haven County        File No. 58678

MEMORANDUM FILED NOVEMBER 13, 1944.

*Henry* and *John Maresca,* of New Haven, for the Plaintiff.

McEVOY, J. On the first Tuesday of May, 1940, the plaintiff brought an action to the Superior Court for New Haven County at New Haven. In this action she sought: (1) a divorce; (2) the custody of both of the children; (3) alimony; and (4) support for the minor children.

On the 25th day of October, 1940, judgment was entered in that action in favor of the plaintiff. The judgment provided that the plaintiff was entitled to and ought to have a decree of divorce on the ground of intolerable cruelty. It further provided that the plaintiff ought to have the care, custody and education of the minor children. The judgment contained no

provision or adjudication as to alimony or support for the minor children.

When the judgment was entered in that case on the 25th day of October, 1940, all of the issues, as adjudicated, were set out in the judgment. No appeal was taken so that the judgment remained unattacked and outstanding.

Four years, to a day, after the entry of judgment, the plaintiff issued an application for "Rule to Show Cause Why Order for Support of Children Should Not Be Granted."

This application was dated October 25, 1944. On October 27, 1944, copy of this application was served on the defendant. On November 3, 1944, the defendant filed a plea to the jurisdiction in which he set out, substantially, that the judgment in the former action was final and that, in that judgment, the Superior Court made no award for the support of the minor child and that, under the present state of the record, this court had no jurisdiction to make any order as to the support of the minor child.

It should be observed that the judgment contained the provision that there were two minor children and that they were placed in the care, custody and control of the plaintiff. The application for rule to show cause names and describes the two minor children. The plea to the jurisdiction refers to "The Support of Minor Child." This is evidently an unintentional error because, upon the argument of this matter, the parties pleaded the argument as though the whole record referred to two minor children.

It should be observed that this is an attempt to obtain action from this court with reference to a matter not included in the prior judgment. The so-called "Rule to Show Cause" is neither an independent proceeding not a proceeding ancillary to the previous action. It has no relation to any pending action. The issues in the former action were disposed of and decided in the judgment which was filed four years ago.

The plaintiff has filed a demurrer to the plea to the jurisdiction in which she sets out: Even though no award was made for the support of the minor children, the jurisdiction of the Superior Court in divorce matters concerning custody and support of minor children is a continuing one.

In her brief the plaintiff relies upon the provisions of section 5187 of the General Statutes, Revision of 1930, and particularly upon that part of the section which provides that: "....upon the complaint of either parent, then or thereafter made, to the Superior Court, it [the Superior Court] shall inquire into their pecuniary ability, and may make and enforce such decree against either or both of them, for the maintenance of such child as it shall consider just."

This claim seems to overlook the statutory provision that "....but such trial shall be ended and judgment rendered therein before the close of the next term or session." Gen. Stat. (1930) §5409. The record shows that the "next term or session" has long since elapsed and expired.

In the former action issues were presented to the court for its determination. The judgment of the court expresses its conclusion and decision as to those issues.

Reliance is also had by the plaintiff upon the provisions of section 5184 of the General Statutes, Revision of 1930, to the effect that the "court may at any time during the pendency of the divorce, make any proper order as to the custody, care and education of children, and at any time thereafter, annul or vary such order."

This provision contemplates and connotes two situations. The first is as to the action of the court "during the pendency of the divorce action."

The citation of the provisions of section 5184 from the plaintiff's brief is an inaccurate one. Section 5184 reads as follows: "Order As To Custody Of Children. On any complaint for a divorce, the court may, at any time, make any proper order as to the custody, care and education of the children and may, at any time thereafter, annul or vary such order."

The difficulty with the plaintiff's interpretation of the meaning of this statute is based upon the interpretation of the meaning of the words "at any time."

On general principles, the parties are entitled to their day in court and to be heard upon the issues framed by the pleadings. The judgment shows that they were heard. It further shows that the plaintiff elected, upon the trial of that action, to make no claim as to the entry of an order for the support of the children. After the entry of judgment, the "complaint"

for divorce was and is no longer pending in this court. It has been merged in the judgment so to speak. In any event, this court no longer has any power to act upon the complaint as such. So long as the judgment stands the complaint, as such, is not before this court. It is obvious, therefore, that the first part of the statute does not apply. That authorizes the entry of an order for the custody of the child "on any complaint" for a divorce. If no complaint for divorce is pending, no order for support may be entered under that part of the statute.

Of course, it is common to enter orders relative to support for minor children after a divorce judgment has been entered. This is done by virtue of the last portion of section 5184 which provides that the court "may at any time thereafter, annul or vary such order." If, however, no order for the support of children is made a part of the divorce judgment it is obvious that there is no order to "annul or vary."

In the absence of such an award for support in the divorce judgment, therefore, this statute does not grant any power to the court to pass such an order for the support thereafter.

There is no other statute which, under any reasonable interpretation, would authorize the court to either make the award for the support of the children or to alter or vary it at this time and upon the present paper referred to as a rule to show cause.

Reliance is also had, in the plaintiff's brief, upon the case of *Dunham vs. Dunham,* 97 Conn. 440, 446, where the Supreme Court says: "The petition in the present case is not incidental to any proceeding for divorce now pending in the Superior Court. It is an independent petition, and no jurisdiction over it has been acquired in any previous action."

This case is to be distinguished from the *Dunham* case because the instant attempt procedure is not an independent petition. Section 5187 of the General Statutes, Revision of 1930, cited as an authority in the plaintiff's brief, clearly defines the rights of the parties. It provides that: "Upon the dissolution of any marriage by divorce, the parents of a minor child of such marriage, who is in need of maintenance, shall maintain such child according to their respective abilities, and, upon the complaint of either parent, then or thereafter made to the superior court, it shall inquire into their pecuniary ability, and may make and enforce such decree against either or both of them, for the

maintenance of such child as it shall consider just, and may direct security to be given therefor."

Repeating some of the matters formerly set out in this memorandum, it should be observed that section 5187 has reference to procedure at different times. The first is to the complaint made "then." "Then" means upon the hearing of the complaint then pending.

There is also a reference to complaint "thereafter made to the Superior Court." The meaning of that clause is simple. It refers to a complaint thereafter brought to the Superior Court — not to a claimed "Rule to Show Cause" not thereafter brought but brought as ancillary to an already decided matter.

It is obvious that if the present attempted prayer of the plaintiff were sustained the defendant would be deprived of his day in court. The statute provides that, after the dissolution of the marriage, the parents shall maintain such child according to their respective abilities. The respective abilities of the parties must be determined upon orderly hearing and upon issues claimed. This matter was gone into pretty thoroughly in *Welch's Appeal from Probate,* 43 Conn. 342 where, at page 350, our Supreme Court said: "The parental relation is not affected by a decree of divorce, which merely dissolves the marriage. The previous duties and obligations continue as before as between parents and child."

Further, on page 350 and on page 351 of that report, appeared the following: "It appearing of record that the Superior Court has found that the sum of $118 would be, and is, a just and fair proportion of the expense of supporting the child.... we advise judgment for that sum in favor of the appellant."

In that case the claim was presented against the estate of the decedent but it should be observed that it was not presented as part of the former proceeding, which had long since ended, but as a new and independent claim against the estate of the decedent, and this connoted and involved an opportunity for the representative of the defendant to be heard as to the reasonable amount to be paid by his estate.

For all of the reasons stated the demurrer to the plea to the jurisdiction is overruled.