The first question before the court at the hearing on December 19, 1944, de the above entitled matter, was the respondent's plea to the jurisdiction in which he moved that the writ be dismissed on the ground that this court has no jurisdiction to try a cause concerning the custody of minor children in a habeas corpus proceeding between parents. Respondent, in support of his contention, relies upon certain statements appearing in the opinions of our Supreme Court in the cases of Dunham vs. Dunham, 97 Conn. 440 and Pfeiffervs. Pfeiffer, 99 Conn. 154. The court ruled at the outset, and for the record reaffirms its ruling, that it has jurisdiction in a proceeding of this character. See memorandum of Mellitz, J.,
in 1942 (Court of Common Pleas, Fairfield County) in the case of Hudson vs. Groothoff, 10 Conn. Sup. 275, with particular reference to pages 277-279 wherein this precise question was thoroughly analyzed with due regard to the Dunham andPfeiffer decisions and resolved against the claim advanced by respondent in the case at bar.
The merits of the case will now be considered with due regard to the accepted evidence, which includes the investigation conducted by Deputy Sheriff Horwitz into the homes of *Page 202 
petitioner's married sister and respondent's parents at the direction of the court.
Petitioner and respondent are wife and husband and the parents of two infant boys aged five and three respectively. In early November of this year petitioner left her husband and has been residing at 20 Governor Street, Hartford, with her married sister and the latter's two small children. The respondent with the two children of the marriage has continued to reside with his mother, father and four brothers and sisters at 51 East Street, Hartford. It was at this address that the couple made their home before the separation. The refusal of respondent to permit the children to live with their mother gives rise to the within proceeding on habeas corpus. A divorce action is contemplated by the petitioner but to date no action has been instituted.
The petitioner is a young woman of Lithuanian extraction, twenty-six years of age. The respondent is of Italian extraction, and of the same age as his wife. It was apparent at the hearing that the petitioner, for the present at least, manifests no affection for her husband. On the other hand it was equally apparent that the respondent husband has an affection for his wife. Their difficulties resulting in separation are trivial and do not require specification in this writing. It is sufficient to say that in the event either should institute a divorce action at this time the grounds thereof would not seem to find support in any of the Connecticut statutes on the subject.
The petitioner wife is presently employed by a Hartford factory engaged in defense work. Her net weekly salary is $48 and her hours of employment are on the basis of six days a week from 7 in the morning until 2:30 in the afternoon. Additional time is required to go to and from work. The respondent husband is also presently employed in defense work, making a net weekly salary of $54 for the same hours of employment. For the past few years prior to early November last, the couple, together with their children, has been residing in the home of the respondent-husband's parents. In a very large measure the responsibility and care of the young children, aged five and three, have devolved upon their paternal grandmother. Deputy Sheriff Horwitz, as investigator, has reported that the elder Mrs. Guerra is a motherly sort of woman whose only interest in life seems to be in her home and family and who devotes her time exclusively to these pursuits in the good *Page 203 
old-fashioned way. It further appears that respondent's mother is fifty-two years of age, has reared eight children, and the youngest is a lad of eleven. The investigator found that the home of respondent's parents was neat, warm, and from a physical standpoint adequate for the housing of the children in question.
If petitioner is to be awarded custody of the children she proposes to reside with them at the home of her married sister, a Mrs. Lachapelle, whose husband is presently in the Navy. The sister is twenty-three years of age and herself the mother of two small children aged four and one. It would fall to the sister to take charge of petitioner's and respondent's children while petitioner is out working. The expenses of maintaining this home would be shared by petitioner and her sister, who receives a monthly allotment from the government.
In passing it may be noted that the five-year-old youngster of the parties is now attending school near the home of his grandparents. The investigator orally stated to the court that the lad told him he preferred to live on at the home of his grandparents with his father; and that his aunt's home was cold. It also appears that the investigator found the front rooms of Mrs. Lachapelle's apartment somewhat chilly. The three-year-old lad, hardly more than a baby, could of course make no statement one way or the other to the investigator concerning his wishes. It further appears in evidence that between the respondent and the older boy there is a close companionship with occasional trips to the movies and the like. The respondent has been deferred by his draft board from the military service until the spring of 1945.
In a proceeding of this character the paramount consideration is the welfare and happiness of the child. See memorandum of Molloy, J., in the case of Williams vs. Stotts, 5 Conn. Sup. 346,348, and Supreme Court decisions there cited. See also memorandum of Justice Jennings, when on the trial bench, in the case of Brazee vs. Brazee, 5 Conn. Sup. 131. To paraphrasePfeiffer vs. Pfeiffer, 99 Conn. 154, 157: But if the parents cannot agree as to the custody of their minor children, and appeal to the courts to determine to whom the custody of the children shall be awarded, their legal rights will be subordinated to the paramount consideration of the welfare of the children. *Page 204 
The court finds:
1. Both petitioner and respondent are fond of their children; nevertheless,
2. The best interest and welfare of the children require that for the present at least they remain in the custody of their father and have the benefit of the continued care and attention of their paternal grandmother as in the past;
3. The best interest and welfare of the children would not be served by awarding custody to the petitioner which would only result in the delegation of their requisite care and attention to a twenty-three-year-old aunt for many hours daily, who, in addition, would have to attend to the needs of her own small children while petitioner is engaged in defense work at a man's wages and with man's freedom from household responsibilities such as the almost hourly supervision of her three-year-old infant.
 Accordingly, custody of the children for the present is awarded to the respondent, their father. The petitioner, their mother, should be allowed to visit the children at all reasonable times and to have them with her every Sunday if she so desires. Decency and fairness dictate that respondent and his parents should see to it that the children are reminded constantly of their mother and that nothing is done to undermine or divert their affections from her.
Judgment may enter dismissing the writ on the foregoing conditions stated.
Concluding remarks are deemed appropriate. It is the earnest hope of the court that this mother and father will eventually be able to put aside their petty differences and reunite, as is the way of all normal mothers and fathers when the ultimate happiness of their young children is at stake. Disunited families can be productive of much personal unhappiness, to say nothing of the disasterous effect upon the nation as a whole. Perhaps if petitioner initially had the responsibility of administering to the needs of her young children rather than their paternal grandmother the problem presented would never have arisen. The court is not required to determine whether it is necessary for petitioner, because of economic reasons, to work in industry and delegate the duties incidental to motherhood to a third party in the person of her children's paternal grandmother *Page 205 
or maternal aunt. Neither is the court required to determine whether the needs pertaining to the war effort in the Hartford area make obligatory a mother of very young children to devote her time in a factory rather than in the personal care of her children. These aspects were not developed at the hearing. All that the court is required to determine in the case at bar is whether the welfare of the children is best served by an awarded custody to their father and the continued care of their grandmother or by an awarded custody to their mother and the commencement of their care by a young aunt who already has responsibilities concerning her own very small children. As a choice between these two lines of possible action it is obvious that the former should be adopted over the latter. In the last analysis the problem presented has its moral and social aspects as well a legal.
 Judgment is to enter as already directed in the second and third immediately preceding paragraphs.