LOUIS ONORATO LABELLA v. EVELYN S. LABELLA

SUPERIOR COURT    MIDDLESEX COUNTY    FILE No. 9277

Memorandum filed November 23, 1946.

*Leonard O. Ryan,* of Middletown, for the Plaintiff.

*Gross, Hyde and Williams,* of Hartford, for the Defendant.

MURPHY, J.  The plaintiff and defendant were married in 1928.  Since then they have resided in Middletown where the plaintiff is a very successful surgeon.  His wife, a trained nurse, assisted him in his office in the early days of the marriage but as his practice increased and his finances improved, she was enabled to withdraw from the professional field.

In 1932, the doctor built a very attractive and commodious home in a restricted and restrictive neighborhood.  It is now assessed for approximately $13,000 though worth much more in the present realty market.  The property was registered by deed in the name of the wife, though the doctor claims that he always believed it to be in both names.

No issue resulted from the marriage.  Both were disappointed.  There was talk of adoption.

In August of 1942, the plaintiff phoned the defendant from Minneapolis where he was attending a professional meeting and stated that he was in a position to obtain a very  fine boy through one of his medical friends.  Elated, the defendant told

him to bring the baby with him and "a girl as well." Within a few days, he returned with the child and the defendant, pleased beyond measure, accepted the month-old youngster as though he was her own. Since then she has been a practical and devoted mother to him.

However, some six months later the defendant received another phone call from her husband, again in the middle west pursuing a special surgical course in Chicago. She was asked to obtain and examine a paper in his desk. She did. It was a photostatic copy of the birth certificate of the child. The father was her husband. The mother was a former Middletown nurse. It was a cruel and crude way to convey the information to her. When she called him back to report her reaction she said she was not surprised as she had known the fact for some time.

Soon thereafter, they mutually divided their joint property, each taking $17,000. In August of 1945 the plaintiff left the house and went to Reno. The object was divorce. The plan was suggested by the defendant. But the demands seemed exorbitant to the plaintiff and he returned in six weeks. Thereupon he instituted this action in which he alleged intolerable cruelty. His wife, by cross-complaint, charges adultery. The plaintiff elected not to proceed on his complaint and the matter was heard on the cross-complaint on October 17, 1946. The wife has proved her cross-complaint as amended and is entitled to a decree.

She is asking for the custody of the child, Michael, and alimony. The court does not have jurisdiction to award custody of the child.

In this state, it is well settled that the power of the Superior Court to grant divorces and thereby dissolve marriages comes from statutory authority (*Steele* v. *Steele*, 35 Conn. 48, 54; *Davis* v. *Davis*, 119 Conn. 194, 196). From its jurisdiction over divorce comes the jurisdiction to make and enforce orders for the care, custody and education of children. (*Dunham* v. *Dunham*, 97 Conn. 440, 443; *Pfeiffer* v. *Pfeiffer*, 99 Conn. 154, 157; *Morrill* v. *Morrill*, 83 Conn. 479, 483).

General Statutes, §§ 5184, 5186 and 5187 are the applicable statutes. They refer to the minor child or children of the marriage. Michael is not a child of this marriage. His natural

mother is his sole guardian (§ 4794) and entitled to his custody. 1 Schouler, Marriage, Divorce, Separation and Domestic Relations (6th Ed.) § 708. Had he been adopted by this couple, the situation might be different. *Barnhart* v. *Barnhart*, 6 Conn. Sup 439. But under the facts as presented this court is powerless to make any such order.

The child is still living with the defendant. In her request for alimony, she asks to have an allowance for the support of the child. That of course cannot be done for the reasons already stated. Though the parties are agreeable, the court cannot obtain jurisdiction by waiver or consent. *Marcil* v. *Merriman & Sons, Inc.*, 115 Conn. 678, 682.

It is the moral obligation of the plaintiff to support this child. From his past actions and attitude, as well as his expressions in court, I am satisfied that he will do so. As the welfare of the child is of concern to the court I regret the inability to definitely dispose of this phase of the controversy. The plaintiff stated his intention of suitably providing for him. At present he carries straight life and endowment insurance of $25,000, of which Michael is the beneficiary. He is also trustee of a savings account of $1000 for Michael.

The defendant's resources consist of the home, which is free and clear of mortgage; an annuity policy of $10,000 payable to her at the rate of $50 per month starting at age 55; four insurance policies aggregating $6000 payable to her in 1955; victory bonds amounting to $4000, maturing in 1955, and a moderate checking account. In addition, she is the irrevocable beneficiary of an $18,000 insurance policy which the plaintiff carries on his life.

The plaintiff's estate consists of war bonds having a maturity value of $54,000. At present they are worth something in excess of $40,000. The plaintiff's father, aged 78, is dependent upon him for support. The plaintiff has accumulated most of his estate in the last five years. His net income before taxes has run from about $15,000 in 1940 to $41,000 in 1944.

While the court could provide for periodic payments from the husband's income for alimony, in view of the defendant's age, the provisions which have already been made for her and the reasonable probability that the plaintiff's income will decrease

as he gets older, alimony in a lump sum should be awarded. Her age is forty three years; his forty nine years. Eighteen thousand dollars is a reasonable portion of the plaintiff's estate to assign to the defendant.

In addition thereto, the plaintiff is directed to deliver to the defendant the $18,000 policy in the Metropolitan Life Insurance Company upon his life in which she is beneficiary irrevocably. The plaintiff is ordered to pay to the defendant the annual premium on said policy on the due date thereof so that the defendant may keep said policy in force.

Judgment accordingly.