JOSEPH J. FEDERATION v. LILLIAN LaC. FEDERATION

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. J 2697

Memorandum filed January 3, 1949

*Pond, Morgan & Morse,* of New Haven, for the Plaintiff.

ALCORN, J. The complaint is in two counts. The first count sets forth facts upon which the plaintiff claims a divorce on the ground of desertion combined with allegations that a child born to his wife during wedlock is not the plaintiff's child. The second count incorporates the allegations of illegitimacy and adds a claim for divorce on the ground of adultery subsequent to June, 1944. The plaintiff's claims for relief are (1) a divorce, and (2) "judgment that he is not the father of the child Patricia Joanne Federation." The only defendant named is the plaintiff's wife, service was by registered mail and she has not appeared. The case was heard as an uncontested divorce and at the close of the evidence plaintiff's counsel claimed not only a decree of divorce but judgment that the plaintiff is not the father of the child Patricia. It is the latter claim which occasions this memorandum.

The person having probably the most vital interest in any judgment determining the question of legitimacy is the child whose settlement, rights of inheritance, right to receive financial benefits through the plaintiff's military service, and the like, are at stake. The legitimacy of that child should not be determined until she, through a duly designated guardian, has had an opportunity to be heard in defense of the rights of which the judgment sought would deprive her. The fact that the child has not been made a party to the action is not, however, a ground for dismissal. *Hunt* v. *Mansfield,* 31 Conn. 488, 493.

Any motion to make the child a party to this action would present the further question whether the action for a judgment declaratory of illegitimacy can properly be joined with the action for divorce. General Statutes, § 5512. Divorce is purely a statutory proceeding to which the court's authority with respect to children is incidental. *Dunham* v. *Dunham,* 97 Conn. 440. That authority is limited to orders as to custody and support. §§ 5184, 5187. An action to determine legitimacy, as here invoked, is not incidental to the divorce.

Neither the issue as to joining the child as a party to the present action nor the joinder of the causes of action has yet been properly presented for orderly adjudication. The plaintiff is entitled to decide whether he will attempt to proceed as at present by joining the two causes of action, with the addition of the necessary party, or to proceed by separate actions against the proper parties. To afford the plaintiff this opportunity, the file

is returned to the clerk without decision because the issues as presented cannot be finally determined on the present state of the record.