JAMES O'DONNELL *v.* CONCETTA O'DONNELL

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-645-15044

Argued May 17—decided July 14, 1965

*Benjamin M. Chapnick,* of New Haven, for the appellant (plaintiff).

*Alfonse C. Fasano,* of New Haven, for the appellee (defendant).

LEVINE, J. The plaintiff brought suit to recover payments made to the defendant, his former wife, for the support of a minor son in accordance with a divorce decree obtained by her in the Superior Court. The complaint alleges that the minor son was self sustaining for the period of time for which the plaintiff seeks to recover. The defendant filed a plea to the jurisdiction of the Circuit Court, alleging that the sole jurisdiction of divorce and support matters is within the Superior Court. The trial court sustained the plea and dismissed the action for want of jurisdiction, and the plaintiff has appealed to this court. He has alleged error in the

court's action, claiming that the defendant was unjustly enriched by the support payments. While the defendant has raised the question of jurisdiction by a pleading entitled "Plea to the Jurisdiction," no objection has been made to the form of the plea. Section 52-91 of the General Statutes and §§ 93 and 94 of the Practice Book set forth the manner in which the question of jurisdiction should be raised. Since, however, no objection has been made to the form of the plea, and since it was considered in the trial court as either a plea in abatement or a motion to erase, we shall treat the question of jurisdiction as though the required procedure had been followed. The Superior Court support order for the minor son has never been modified or vacated.

The power and authority of the Superior Court to make any proper order as to the care, custody and education of children in divorce and to vary, alter, set aside or annul that order are found in General Statutes §§ 46-23, 46-24 and 46-26. See *Dunham* v. *Dunham,* 97 Conn. 440, 444. "It has been held that where jurisdiction to grant a divorce and award the custody of the infant children of the marriage once attaches, that jurisdiction is, in the absence of a statute upon the subject, a continuing one, so that the power of the court to amend, modify, or annul its order of custody, as the welfare of the children under existing conditions may demand, ever after remains. . . . We, however, have no occasion to appeal to such a general principle, since we have a statute upon the subject. It is not framed with that care and precision which ought to mark legislative action. It cannot, however, be doubted that the intention of those who enacted it was to confer upon courts which had jurisdiction of divorce proceedings, a continuing authority, as an incident of the cause, to annul or vary any order as to the custody, care, or education of the minor chil-

dren of the parties which it might have previously made, and it must be so construed. General Statutes [Rev. 1902], § 4558." *Morrill* v. *Morrill,* 83 Conn. 479, 484 (1910). Section 4558 of the 1902 Revision, in force in 1910, is now § 46-23 of the General Statutes, in exactly the same form. The jurisdiction, once acquired, "continues to the end." *Morrill* v. *Morrill,* supra, 485. In effect, the plaintiff herein is asking this court to modify an order of the Superior Court, an action this court cannot take, since the Superior Court has continuing, exclusive jurisdiction of such support matters. See *Krasnow* v. *Krasnow,* 140 Conn. 254, 262; *Fagan* v. *Fagan,* 131 Conn. 688, 690.

Further, § 52-10 of the General Statutes is decisive of the question of jurisdiction. An action of unjust enrichment is equitable in nature. "A right of recovery under that doctrine is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." *Schleicher* v. *Schleicher,* 120 Conn. 528, 534; see *Griswold* v. *Bragg,* 48 Conn. 577. The pertinent portion of § 52-10 reads as follows: "All actions for equitable relief against causes pending or judgments rendered in the superior court shall be brought to that court exclusively." Cf. Public Acts 1965, No. 331, § 31. Since this is an equitable action and since it is for relief against a judgment rendered in the Superior Court, exclusive jurisdiction of this action is in that court.

The court was correct in dismissing the case for want of jurisdiction.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.