## EMILY LULICK *v.* MONROE LULICK

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 32585

Memorandum filed September 18, 1974

*Francis J. Foley III,* of Norwich, for the minor children.

*Joseph Adinolfi,* of Hartford, for the defendant.

WRIGHT, J. The history of this case shows that a decree of divorce was granted to the plaintiff, Emily Lulick, on July 21, 1967. A very voluminous file shows much activity both before and after that date.

Emily Lulick died on August 31, 1973, leaving three minor children. On October 31, 1973, the Court of Probate for the district of Lebanon certified the defendant, Monroe Lulick, as guardian of the estate of the minor children and said by way of dictum that by virtue of § 45-43 of the General Statutes the defendant, as a surviving parent of the children, became their sole guardian. The pertinent portion of § 45-43 reads: "Upon the death of either father or mother; the surviving parent of such child shall become the sole guardian of the person of such child."

After the action by the Lebanon Probate Court, the family relations division of the Superior Court made an investigation concerning the welfare of the children, and pursuant to that investigation the

Superior Court, on August 9, 1974, temporarily awarded custody of the three children to their uncle and aunt, Mr. and Mrs. Sklarsky. On that date the defendant, Monroe Lulick, was represented by counsel. The defendant has now engaged new counsel and claims that the Superior Court no longer has jurisdiction over the custody of the children. He further claims that the Probate Court has sole jurisdiction and that its decision of October 31, 1973, is the sole governing factor.

This claim may have been waived owing to the fact that it was not presented to the Superior Court until August 30, 1974. This decision, however, will be based primarily on the following reasons: On May 29, 1973, a new law, Public Act No. 73-373, went into effect, relating to dissolution and annulment of marriage. Section 43 of that act repealed § 46-23 of the General Statutes, which had provided that "the court may, *at any time,* make any proper order as to the custody, care, and education of the children." (Italics supplied.) Similar provisions are to be found in § 15 of Public Act 73-373, which reads in part: "On the filing of any complaint under section 4 of this act [relating to annulment or dissolution] . . . the court may *at any time* make or *modify* any proper order relative to custody, care, education, visitation and support of such children and may assign the custody of any of such children to either party, or to a third party . . . [italics supplied]." In addition, § 42 of Public Act 73-373 states: "The attorney general shall be and remain a party to any action for dissolution of marriage, legal separation or annulment, and to any proceedings *after judgment* in such action, if any party thereto, or any child of any such party, is receiving or has received aid or care from the state [italics supplied]." Similarly § 46 of Public Act 73-373 provides: "This act shall apply to . . . motions for

*modification* of . . . any . . . *custody* order entered pursuant to a decree of divorce, legal separation or annulment rendered prior to said date [italics supplied]."

In considering the continuing jurisdiction of the Superior Court and its power to modify a custody order, the Supreme Court in *Morrill* v. *Morrill,* 83 Conn. 479, 484, stated: "It has been held that where jurisdiction to grant a divorce and award the custody of the infant children of the marriage once attaches, that jurisdiction is, in the absence of a statute upon the subject, a continuing one, so that the power of the court to amend, modify, or annul its orders of custody, as the welfare of the children under existing conditions may demand, ever after remains. *Hoffman* v. *Hoffman,* 15 Ohio St. 427; *Miner* v. *Miner,* 11 Ill. 43; *Williams* v. *Williams,* 13 Ind. 523. We, however, have no occasion to appeal to such a general principle, since we have a statute upon the subject. It is not framed with that care and precision which ought to mark legislative action. It cannot, however, be doubted that the intention of those who enacted it was to confer upon courts which had jurisdiction of divorce proceedings, a continuing authority, as an incident of the cause, to annul or vary any order as to the custody, care, or education of the minor children of the parties which it might have previously made, and it must be so construed."

In *Pfeiffer* v. *Pfeiffer,* 99 Conn. 154, 157, the court passed upon the provisions of the guardianship statute (Rev. 1918, § 4861) in effect in 1923 and differentiated between guardianship, on the one hand, and custody, on the other. The court said: "If the question of the custody of the infant be presented in divorce proceedings, or by writ of *habeas corpus,* the Superior Court is the proper forum. Otherwise, the probate courts have exclusive jurisdiction."

Our Supreme Court has repeatedly held that in any proceedings regarding the custody of a child the welfare of the child must be the controlling consideration. *Scott* v. *Furrow,* 141 Conn. 113, 120; *Bailey* v. *Mars,* 138 Conn. 593, 600; *Dunham* v. *Dunham,* 97 Conn. 440; *Kelsey* v. *Green,* 69 Conn. 291. This principle governs even at the expense of depriving a parent of custody. *Don* v. *Frankel,* 136 Conn. 411, 413; *Goshkarian's Appeal,* 110 Conn. 463, 468. No matter what the structure of the action is or what the forum is, the paramount consideration is the interest of the child. In this light, the court in *Mitchell* v. *Davis,* 24 Conn. Sup. 76, 77, quoted the Michigan court in *Corrie* v. *Corrie,* 42 Mich. 509, 510: "No other occasion can call more loudly for judicial vigilance in reaching for the exact truth, and in putting aside with an unsparing hand the mere technicalities of procedure." Wherefore this court now rules that once the Superior Court takes jurisdiction over a marriage status in a divorce or dissolution case and takes jurisdiction over the custody of the minor children of the parties, and the case goes to final decree, the Superior Court retains jurisdiction over such matters. This court rules that § 45-43 of the General Statutes does not oust the Superior Court of its jurisdiction over divorce and dissolution cases and the custody of the minor children in such cases.

While the defendant's counsel has filed excellent briefs showing that various other jurisdictions have reached a different result, the statutes of Connecticut and the decisions of our courts bring this court to the conclusion expressed herein.

The motion to erase is hereby denied.