[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on the intervenor's motion to strike.
The intervenor is the guardian of one of the children in the dissolution proceeding. The Brookfield Probate Court made her guardian of Curtiss Bryant on June 25, 1991. The intervenor has applied to the Probate Court to be appointed guardian of the other minor child. This application is still pending.
The intervenor argues that the Superior Court lacks jurisdiction to enter orders affecting the minor children of the plaintiff and defendant in this dissolution proceeding. CT Page 4060 As a result, the intervenor further argues that this court must strike plaintiff's claim for relief which seeks custody and support for the minor children.
The intervenor relies on Dunham v. Dunham, 97 Conn. 440,442 (1922) and Don v. Frankel, 136 Conn. 411 (1950) in support of her motion.
This court disagrees with the intervenor's position that this court lacks jurisdiction. Nowhere in the statutes or in case law does the Probate Court have the authority or power to enter orders of custody. If the intervenor's position were to be upheld, we could have the anomalous situation of precluding forever any custody orders, if orders of guardianship had been previously entered by the Probate Court and no application for removal of the parent was filed.
In Pfeiffer v. Pfeiffer, 99 Conn. 154, 157 (1923), the court held that "[i]f the question of the custody of the infant be presented in divorce proceedings . . . the Superior Court is the proper forum." The court did not in any way qualify this statement.
Motion is denied.
MIHALAKOS, J.