ROBERTSON, J.
The father, in this case, rendered himself responsible as the guardian de facto of two of his infant children, by retaining in his possession the lands and slaves to which they became entitled on the death of their mother, and receiving the rents and hires. His accounts as such guardian have been settled in a suit brought after his death by his administrator. Exceptions have been taken to this settlement by his widow, who has taken upon herself the defence of the estate, because, as she alleges, the administrator has failed to protect it as he ought to have done from the claims asserted against it.
The objection to the compounding' of interest, and to the charge of interest upon *900 conjectural rents and hires, cannot be sustained. The charges of interest are in conformity with the rule which has been established for the settlement of the accounts of guardians; and one who makes himself guardian de facto is certainly not entitled to be treated with more favor than if he had been legally appointed.
The only question in the case, about which there can be any doubt, is whether the estate should be allowed credit for the support and education of the children out of the income of their property.
A father, if of ability, is bound to maintain his infant children, even though they may have property of their own.
The court, however, will look with liberality to the ^circumstances of each particular case, and to the respective estates of father and children, and will authorize the income arising from the estates of infants to be applied to their support whenever, under all the circumstances, it appears to be proper. But when the application to allow the income so to be appropriated is not made, as it ought to be, in advance, and is delayed,, as it has been in this case, until after the guardianship has terminated, the court will not permit it without the clearest proof that justice requires it.
Such proof is not furnished in this case. One of the infants was kept at work as an apprentice at the trade of his father for several years; during which period his services must, at the least, have been worth his support. It is not alleged that the father was at any extraordinary expense for the support or education of either of these children: and there is nothing in the case from which it can be inferred that he did not consider himself of sufficient ability to support and educate them in the same way that he did his other children, or that he designed to put them on a different footing in this respect. It is very possible that he was not fully aware of the extent of his responsibility as their guardian. He must have known, however, that he was liable to them to some extent, yet there is not the slightest indication of any intention to offset this liability, or to make a charge against thém in any form for their support or education. The fact that no such charge was intended, would not, it is true, be conclusive against its allowance, if it appears to be proper; but it is'a strong circumstance to show that it is not proper — that he not only considered himself to be, but really was of ability to maintain his children out of his awn means, and that he did so maintain them.
If any other person has acted as their guardian, it would hardly be contended that the income of their *property in the hands of such guardian could now be subjected to reimburse to his estate the expenses incurred by him in maintaining them; and I cannot see how the fact that he was himself both father and guardian could give him any right to use their income that he would not have possessed if the guardianship had been in other hands.
The objection to the charge of interest against the guardian, while his wards lived with and were supported by him, rests substantially on the same ground with the claim to charge for their support out of the income of their estate; for the interest is part of their income.
I am of opinion to affirm the decree.
DANISH and MONCURE, Js., concurred in the opinion of Robertson, J.
Decree affirmed.