## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### JOHN MIHALCOE, ET AL., V. P. L. HOLUB.

#### June 16, 1921.

1. HUSBAND AND WIFE—*Husband's Duty to Support—Separate Estate of Wife—Character of Support.*—A husband is bound to support his wife. This is his legal duty, independent of any separate estate which she may possess. The law does not undertake to prescribe the character of the support, except by the general rule that it must be in keeping with his circumstances and his wife's needs.

2. HUSBAND AND WIFE—*Husband's Duty to Support—Living Apart.*—When husband and wife live apart through no fault of the wife, the husband's duty to support her is not affected by the fact of the separation, and he is liable to third persons who furnish her with the necessary means of support on his credit. She has the authority, growing out of his legal duty, to pledge his credit for this purpose.

3. HUSBAND AND WIFE—*Husband's Duty to Support—Living Apart—Necessaries.*—If the separation between husband and wife has been due to her fault, she forfeits her right of support, and third persons cannot hold the husband liable for necessaries furnished her in the absence of an express contract on his part to pay for them.

4. HUSBAND AND WIFE—*Husband's Duty to Support—Living Apart—Necessaries—Burden of Proof.*—When husband and wife are living apart, the burden of proving that the husband was at fault, and that the articles furnished or services rendered the wife come within the legal definition of necessaries and were in a legal sense furnished or rendered on his credit, rests upon the party seeking to hold him liable.

5. HUSBAND AND WIFE—*Husband's Liability for Necessaries—Whether Furnished with Reference to Husband's Obligation.*—A husband is not bound for necessaries furnished his wife without reference to any duty or obligation on his part, and whether they have been so furnished, if there be a dispute as to the facts, is a question to be determined by the jury.

54

6. PARENT AND CHILD—*Father's Duty to Support—Legal Duty.*— A father owes his infant children the duty of maintenance and this duty is a legal and not merely a moral obligation.

7. PARENT AND CHILD—*Father's Duty to Support—Child Living Apart—Burden of Proof.*—Where the child is living away from the father, the question of his liability will depend upon the circumstances of the case. If he abandons the child, or drives him from home, he is liable to any person who furnishes necessary support; but the person furnishing it must bear the burden of proving that there was an unjustified abandonment; that the support furnished was necessary, and that the credit of the father was, in contemplation of law, the basis of the advances. The authority to pledge the father's credit either by the mother, who has custody of the children, or by the children themselves, is implied in the legal duty of support.

8. PARENT AND CHILD—*Father's Duty to Support—Child Living Apart—Volunteers.*—The liability of a father for necessary support supplied his abandoned child does not attach where the support has been assumed by others as a purely voluntary undertaking, without any regard to an obligation or duty on the father's part; and whether there has been such voluntary assumption, if the facts are in dispute, is a question for the jury.

9. HUSBAND AND WIFE—*Parent and Child—Claims for Services—Claims for Support—Express or Implied Promise.*—There is a vast difference between the claim of a son for services rendered a father, or of a father for the support of a son, and the claim of a father for the support of a married daughter and her children who have been deserted and abandoned by their husband and father. To warrant a recovery upon the former an express contract, or its equivalent, must be shown, because the claim is not supported by any primary legal obligation; as to the latter, an implied promise may be relied upon, because the law, which imposes upon the husband and father a legal duty, will itself presume a promise to pay for the benefit conferred.

10. HUSBAND AND WIFE—*Parent and Child—Action Against Husband and Parent for Support Furnished—Relationship of Parties Furnishing Support.*—The relationship of the parties is a circumstance, and may often be a very important one, proper for consideration in determining whether the support furnished was due to a purely voluntary assumption or gratuity on the part of the person seeking to hold the husband or father liable; but that circumstance alone is not sufficient to require proof of an express contract as a condition to the recovery.

11.  HUSBAND AND WIFE—*Parent and Child—Action for Support of Wife and Children—Plaintiffs and Wife Responsible for Separation.*—Where a wife, the mother of infant children, was to blame for the separation from her husband and she continued to remain away from him, residing with her mother and brothers, retaining the children against her husband's will and declining to return to him with the approval and encouragement of her mother and brothers, manifestly the mother and brothers cannot claim that they supplied the wife and children with necessaries upon the credit of the husband, and therefore cannot recover against him in an action for board and lodging furnished the wife and children.

12.  HUSBAND AND WIFE—*Parent and Child—Action Against Husband for Board—Evidence to Support Instruction.*—In an action against a husband and parent to recover for board furnished his wife and children by his wife's mother and brothers, there was evidence tending to support defendant's contention that his wife and her parents were responsible for the separation, and that he did seek a reconciliation and offered to provide for her and the children another and suitable home, and did offer them money and supplies, all of which overtures and offers on his part were repelled and refused by her of her own accord, and with the approval and encouragement of her parents and her brothers.

*Held:* That an instruction "that a husband is not bound by law to support his wife or even to furnish her with necessaries whilst she is living separate and apart from him if she so lives without his consent and without any good and sufficient reason or cause therefor," was not without evidence to support it.

Error to a judgment of the Circuit Court of New Kent county in an action of assumpsit. Judgment for defendant. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*Lewis & Sutton* and *Roger T. Gregory,* for the plaintiffs in error.

*Nance & Nance* and *M. H. Barnes,* for the defendant in error.

KELLY, P., delivered the opinion of the court.

This action of assumpsit was brought by Anna Mihalcoe and her sons, John, George and Michael Mihalcoe, against P. L. Holub upon an account for board and lodging of Anna Holub, his wife, and their two minor children from May 5, 1913, to December 8, 1918. The plaintiffs were the mother and brothers, respectively, of Mrs. Anna Holub. There was a verdict and judgment for the defendant, and thereupon the plaintiffs obtained this writ of error.

On May 5, 1913, and for some time prior thereto, the defendant and his wife and two small children resided with the wife's parents, John and Anna Mihalcoe, in New Kent county. On the last named date the defendant left his wife and children at the Mihalcoe home, and never thereafter returned to them. The evidence is in conflict as to the cause of the separation. Whether he was justified in leaving in the first instance, and whether thereafter he sought a reconciliation with his wife, or attempted to induce her to come and bring the children to live with him in a separate and suitable home, or showed a desire to contribute to their support while they remained at the Mihalcoe home, are questions left in doubt by the evidence before us. It is his contention, and there is evidence tending to support it, that his wife and her parents were responsible for the separation, and that he did seek a reconciliation and offered to provide for her and the children another and suitable home, and did offer them money and supplies, all of which overtures and offers on his part were repelled and refused by her of her own accord, and with the approval and encouragement of her parents and her brothers. The plaintiffs deny practically all of this, and introduce proof tending to fix the blame exclusively upon him. This is not a suit for divorce, and it is not for us to try the facts except as we would try them in any other jury case.

John Mihalcoe, the father died in 1915, three years before the end of the period covered by the account sued on. Two of the plaintiffs, George and Michael Mihalcoe, were under age when the separation took place, and the latter was still under age when this action was brought and joined therein by his next friend. The written grounds of defense indicated that these facts were to be relied upon as showing that the action was not brought by proper parties plaintiff; but these particular grounds seem to have been ignored at the trial, and are not before us in any such manner as to affect the result in this court. Proper amendments could have been made if the points here adverted to were good and had been seasonably and properly raised in the lower court. The present decision, however, will not conclude them if they should be raised and insisted upon at another trial.

[1-5] The rules of law governing the case may be said to be well settled by the weight of authority. A husband is bound to support his wife. This is his legal duty, independent of any separate estate which she may possess. The law does not undertake to prescribe the character of the support, except by the general rule that it must be in keeping with his circumstances and his wife's needs. When they live apart through no fault of the wife, the husband's duty to support her is not affected by the fact of the separation, and he is liable to third persons who furnish her with the necessary means of support on his credit. She has the authority, growing out of his legal duty, to pledge his credit for this purpose. If the separation has been due to her fault, she forfeits her right of support, and third persons cannot hold him liable for necessaries furnished her in the absence of an express contract on his part to pay for them. The burden of proving that the husband was at fault, and that the articles furnished or services rendered come within the legal definition of necessaries and were in a legal sense

furnished or rendered on his credit, rests upon the party seeking to hold him liable. A husband is not bound for necessaries furnished his wife without reference to any duty or obligation on his part, and whether they have been so furnished, if there be a dispute as to the facts, is a question to be determined by the jury.

[6-8] The rules are much the same regarding support of infant children by a father. He owes them the duty of maintenance. This, by the weight of American authorities, founded upon common sense and natural justice, is a legal and not merely a moral obligation. Where the child is living away from the father, the question of his liability will depend upon the circumstances of the case. If he abandons the child, or drives him from home, he is liable to any person who furnishes necessary support; but the person furnishing it must bear the burden of proving that there was an unjustified abandonment, that the support furnished was necessary, and that the credit of the father was, in contemplation of law, the basis of the advances. The authority to pledge the father's credit either by the mother who has custody of the children, or by the children themselves, is implied in the legal duty of support. The liability does not attach where the support has been assumed by others as a purely voluntary undertaking, without any regard to an obligation or duty on the father's part; and whether there has been such voluntary assumption, if the facts are in dispute, is a question for the jury.

There are, of course, many phases of the general subject of a husband's and father's duty to support his wife and children which do not arise here because not germane to the facts of the case, and which, therefore, we do not attempt to discuss. For the propositions above announced we cite: 1 Min. Inst., 4th Ed., 373, 374, 407; Long on Domestic Relations, sec. 64, 115, 117, 119, 154, 155, 156; 21 Am. & Eng. Enc. L. 1052-1055; *Evans* v. *Pearce*, 15 Gratt.

(56 Va.) 514, 78 Am. Dec. 635; *Griffith* v. *Bird*, 22 Gratt. (63 Va.) 80; *Bell* v. *Moon*, 79 Va. 341, 354; *Owens* v. *Owens*, 96 Va. 191, 31 S. E. 72; *National Bank* v. *Hancock*, 100 Va. 101, 40 S. E. 611, 57 L. R. A. 728, 93 Am. St. Rep. 933; *Watts* v. *Watts*, 104 Va. 269, 276, 51 S. E. 359, 20 R. C. L. p. 624, sec. 31; *Finn* v. *Adams*, 138 Mich. 258, 101 N. W. 533, 4 Ann. Cas. 1186, and especially the note at page 1189.

[9-10] Very strong reliance is placed by counsel for defendant upon the line of cases of which *Jackson* v. *Jackson*, 96 Va. 165, 31 S. E. 78, is an example, and which hold that where compensation is claimed for services rendered to near relations the law will not imply a promise to pay, and no recovery can be had unless an express contract or its equivalent be shown. The doctrine of these cases, however, cannot properly be carried to its full extent in cases like this, for that doctrine rests upon the principle that in cases of this general class a mere moral obligation is not a sufficient foundation for an implied contract. Here, as we have seen, the obligation is a legal one. There is a vast difference between the claim of a son for services rendered a father, or of a father for the support of a son, and the claim of a father for the support of a married daughter and her children who have been deserted and abandoned by their husband and father. To warrant a recovery upon the former, an express contract, or its equivalent, must be shown, because the claim is not supported by any primary legal obligation; as to the latter, an implied promise may be relied upon, because the law, which imposes upon the husband and father a legal duty, will itself presume a promise to pay from the benefit conferred. *Bell* v. *Moon*, and other authorities cited, *supra*. The relationship of the parties is a circumstance, and may often be a very important one, proper for consideration in determining whether the support furnished was due to a purely voluntary assumption or gratuity on the part of the person seeking to hold the

husband or father liable; but that circumstance alone is not sufficient to require proof of an express contract as a condition to the recovery.

The first assignment of error which we shall notice questions the correctness of Instruction 5 given for the defendant as follows: "The court instructs the jury that if they believe from the evidence that Mrs. Anna Holub was the daughter of Mrs. Anna Mihalcoe, one of the plaintiffs, and the sister of the other plaintiff, then and in that event, the plaintiffs cannot recover in this suit, unless the jury further believe from the evidence that there was an express contract to pay for the board and maintenance mentioned in the bill of particulars filed with the declaration in this suit."

It follows from the principles heretofore announced that this instruction was erroneous because it declared that an express promise was essential to a recovery. And defendant's Instruction 6 embodying substantially the same declaration was likewise erroneous.

[11] The giving of defendant's Instruction No. 1 is assigned as error. It was as follows: "The court tells the jury that if they believe from the evidence that Anna Holub, the mother of infant children, retained them with her against the expressed wishes of the father, and continued the custody and control of the same against the protest of the defendant, and under the protection of the father, mother and brothers of the said Anna Holub, and declined to come to her husband, and declined to receive any aid from him, and spurned any offers on his part to help them; that he was not liable for the support of infants."

This was a proper statement of the law as applied to the defendant's contention upon the evidence. There was evidence tending to prove the facts upon which the instruction was based, and if such facts were established to the

satisfaction of the jury, then the wife was at fault and had no right to claim the support; and furthermore the plaintiffs were also at fault and were in no position to assert that they had furnished the support upon an implied contract that the husband was to pay for it. If the wife was to blame for the separation, and if she continued with her children to remain away from her husband with the approval and encouragement of the plaintiffs, then manifestly they cannot be heard to say that they supplied her and the children with necessaries upon the credit of the defendant.

[12] It is also assigned as error that the court gave defendant's Instruction No. 2 as follows: "The court instructs the jury that a husband is not bound by law to support his wife or even to furnish her with necessaries whilst she is living separate and apart from him if she so lives without his consent and without any good and sufficient reason or cause therefor."

The objection urged against this instruction is that there was no evidence to support it. As appears from the outline of the evidence hereinbefore set out, there is no merit in this contention.

For the error of the court in giving Instructions 5 and 6 for the defendant the judgment complained of must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had in conformity with the views herein expressed.

*Reversed.*