The People of the State of Illinois, Marcus J. Sternberg, Defendant in Error, v. William J. Shine, Plaintiff in Error.

Gen. No. 8,654.

480

Opinion filed September 20, 1933.

FRANK A. McCARTHY and THEODORE N. SCHNELL, for plaintiff in error; JOHN E. TOOMEY, of counsel.

GEORGE D. CARBARY, State's Attorney, and MARCUS J. STERNBERG, Assistant State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Marcus J. Sternberg filed a petition in the county court of Kane county charging William J. Shine with wilful neglect of his minor children. The petition is as follows: "Your petitioner Marcus J. Sternberg, a reputable person and resident of said county, respectfully represents unto your honor that Marjorie Shine, Eleanor Shine, Loretta Shine, and Dorothy Shine, are girls under the age of sixteen years, to wit: Of the ages of nine, seven, five and thirteen years respectively in said county, and are dependent children in this: That the said (a) William J. Shine, father of said children wilfully neglects to provide the necessary money for the proper clothing, education and maintenance of said children, and that said children are neglected by the said William J. Shine in this; that said William J. Shine, refuses to furnish the necessary money for their support, maintenance and education; that said children are dependent children in this; that said William J. Shine does not furnish money for their proper support, maintenance and education and their

mother Frances Shine is unable to earn sufficient money for their support, maintenance and education, and that (b) William J. Shine, father, is living in the City of Chicago, Cook County, Illinois, and the mother, Frances Shine is living in the City of Elgin, Kane County, Illinois; that the said Frances Shine is employed and is able to earn the sum of Fourteen Dollars ($14.00) per week; that the said William J. Shine is employed by the North Shore Electric Company and is able to furnish the support, maintenance and education for the children.

"Your petitioner therefore humbly prays this Honorable Court that summons may issue for the said William J. Shine and Frances Shine commanding them to produce said children before this Honorable Court on an early day named therein, and that a hearing may be had as provided by statute and that such order may be made in the premises as to this Honorable Court may seem fit and proper."

The plaintiff in error waived summons and filed his answer to said petition; denied specifically the allegation of the petition and alleged that he was ready, willing, and able to support his children in his own home in the City of Chicago, but that his wife continually harassed him with divorce actions and refused to let his said children live with him.

The case came on for a hearing before the court and after considerable evidence was heard an order was entered finding that the children were dependent children and committed them to the guardianship of Frances Shine, their mother. The said order provided that she could hold said children and have the care and support and educate them until they were of the age of 18 years and that the plaintiff in error was ordered to pay to her as guardian of said children the sum of $65 per month. He was further ordered to execute an assignment of that part of his wages payable

to said guardian. From this order William J. Shine brings the case to this court upon a writ of error.

The evidence shows that William J. Shine and his wife have been living separate and apart for about five years; that during all this time William J. Shine has maintained a home in Chicago; that during all or most of this time, Mrs. Frances Shine has been living in Elgin, Illinois. Frances Shine during this time has started several suits for divorce against William J. Shine, but in each instance the divorce proceedings have been dismissed without a trial on their merit. The evidence is uncontradicted that the father William J. Shine during all this time has been able, ready and willing to provide for his minor children and that he has maintained a suitable home for them in a good residential district of the City of Chicago, easily accessible to the public schools and that he was able to give them all of the care and attention to properly rear his children.

In the case of *Butler v. Commonwealth*, 132 Va. 609, 110 S. E. 868, 869, the Supreme Court of Virginia in passing upon a case identical with this case used the following language: ''Now in this case, it is perfectly clear that neither the wife nor the wife's father could charge the defendant in a civil suit for the support and maintenance of the children. His duty to support them is based largely upon his right to their custody and control. To say the least of it, he has the right at common law to maintain them in his own home, and he cannot be compelled against his will to do so elsewhere, unless he has refused or failed to provide for them where he lives. These propositions are abundantly supported by authority.''

In the case of *Sullivan v. People*, 224 Ill. 468, 476, the Supreme Court of our State says: ''The father's right to the custody of his child is superior to the right of any other person if he is a fit person to have such custody and is so circumstanced that he can provide

the necessaries of life and properly maintain and educate the child. (*Miner v. Miner,* 11 Ill. 43; *Hewitt v. Long,* 76 id. 399; *Cormack v. Marshall, supra.*) The law charges the father with the maintenance of his child, and the legal presumption, in the absence of all proof, is that he is entitled to its care and custody. The right is not an absolute one, and it may be divested by the paramount power of the State for good and sufficient cause. The father may by his misconduct forfeit his right (10 Am. & Eng. Ency. of Law,— 2d ed.—1038) ; but proof of the facts which show such forfeiture, or that he is unfit to perform the duties or obligations resting upon him, is upon the one who alleges them.''

In the case of *Stafford v. Stafford,* 217 Ill. App. 548, affirmed in 299 Ill. 438, it is held that as between father and mother of minor children, the father has a superior right to its custody, all things being equal. In the case of the *People v. Waddell,* 247 Ill. App. 255, the Appellate Court of the Fourth District held: ''A man cannot be said wilfully to neglect and refuse to support his child where his wife, without reasonable excuse, keeps it away from him. A man has a right to maintain his children in his own home, and cannot be compelled, against his will, to do so elsewhere, unless he had refused or failed to provide for them where he lives.''

The evidence in this case not only fails to show that the father of these children has refused or failed to provide for them at his own home but it is uncontradicted that he is ready, able and willing to take these children in his own home and give them all the advantages of the same.

The People in their information charged that William J. Shine refused to furnish the necessary money for their support, maintenance and education and the burden of proof was on them to establish that fact. This they have wholly failed to do, and the county

court of Kane county erred in finding that said children were dependent children and in appointing Frances Shine, their mother, their guardian, and in ordering William J. Shine, the father, to pay their guardian $65 a month for the support of said children.

The said judgment is hereby reversed. There are numerous other assignments of error but we do not deem it necessary to comment upon them for the proper decision of this case.

*Judgment reversed.*