VIRGINIA PARK MEROLLA ET AL. v.
THEODORE MEROLLA ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 84478

Memorandum filed March 28, 1952.

*Keogh & Candee,* of Norwalk, for the Plaintiffs.

*Robert R. Goldberger,* of Bridgeport, for the Defendants.

MELLITZ, J.  In this equitable action seeking an order for the support of a wife and minor children, the defendant husband has filed a motion for rights of visitation and temporary custody of the children which the plaintiffs have moved to strike out on the ground that the court is without power in this action to enter any order such as that sought by the defendant.

It has been frequently stated that the Superior Court has no jurisdiction of disputes concerning the custody of minor children except as involved in either habeas corpus or divorce proceedings. *LaBella* v. *LaBella,* 134 Conn. 312, 316.  It has no jurisdiction where the only issue in the case is that of custody.  *White* v. *White,* 138 Conn. 1, 11.

The question here presented was alluded to but not answered in the *White* case.  It was there held that the liability of a father for the support of a minor child, in an equitable action for support, is suspended during the time he is wrongfully deprived of the child's custody and companionship because his right to such custody and companionship is correlative to his duty to support.  From this it follows that in such an action it is necessary to an adjudication of the principal issue that the court determine whether the husband has been wrongfully deprived of his right of custody, whenever that issue is raised.

If the determination of that issue is in his favor, his immunity from liability means that no order for support may be entered against him. Both his obligation to support and his right of custody are issues which must be determined.

The question then is whether the limit of the jurisdiction of the court in such an action is simply to deny relief to the plaintiff whenever it appears that the husband is being wrongfully deprived of his right of visitation or custody, or whether an order for support may be entered, conditioned upon his being accorded the rights to which he may be entitled. If the court is powerless to enter the latter form of order it would mean that, irrespective of the need, the relief sought must be entirely denied, or that the proceedings be suspended until an appropriate order is obtained in a court of probate. It is axiomatic that where possible a court of equity will afford complete relief and determine in one suit the rights and duties of the parties which grow out of or are connected with the subject matter of that suit. 1 Pomeroy, Equity Jurisprudence (5th Ed.) § 239a; *Nichols* v. *Nichols,* 79 Conn. 644, 653. In other jurisdictions it has been held generally, in equitable actions for support, that to do complete justice between the parties there must necessarily exist the power to compel the doing of such acts by the parties as are required to effectuate the purpose for which the jurisdiction is conferred. 27 Am. Jur. 24, § 417; 42 C.J.S. 261 § 625e.

If express authority needs to be sought for the power of the Superior Court to enter such an order, it may well be found in § 7339 of the General Statutes, which provides: "In any controversy before the superior court between husband and wife as to the custody of minor children of the marriage, the court may assign the custody of any of such children to either parent according to its best judgment upon

the facts of the case, and upon such conditions and limitations as it shall deem equitable. . . ." In *Dunham* v. *Dunham*, 97 Conn. 440, 445, it was held that while this statute did not give the Superior Court jurisdiction of an independent petition to obtain custody of a minor child, it did give the court jurisdiction to enter an order relating to custody as an incident of a pending action, that is, where the court had already acquired jurisdiction in an original and independent action pending in the court. To the observation found on page 444, that "At the time this Act was passed, there could be no such controversy in the Superior Court except one involved in or growing out of an action for divorce or a writ of *habeas corpus*," must be added the comment that the Superior Court also had at that time jurisdiction of equitable actions for support, of which custody matters are an incident, although the existence of this jurisdiction was not identified or recognized in this state until 1930, when *Artman* v. *Artman*, 111 Conn. 124, was decided.

Whether the defendant's motion for temporary custody may be granted except as an incident to an order for support is not presently before the court. The only question here is whether, if the facts warrant it, the court has power to enter any order awarding temporary custody or rights of visitation to the defendant, if such an order appears to be required.

It is concluded that the power to enter such an order does exist at least to the extent of conditioning an order for support upon the granting to the defendant of the rights of visitation or custody to which he may be found entitled.

The motion to strike is denied.