**Julia KOVATS, Plaintiff,**

v.

**Oveta Culp HOBBY, Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.
July 20, 1955.

Herman B. Zipser, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, for defendant, Harold J. Raby, New York City, of counsel.

WEINFELD, District Judge.

These are cross motions for summary judgment in an action by the plaintiff to review an administrative determination of the defendant administrator which denied plaintiff's claim for "wife's insurance benefits" under the Social Security Act.[1] The denial was based on the ground that the plaintiff was not the legal wife of the wage earner Rudolph Kovats. The hearing referee found that the plaintiff and the wage earner had been legally divorced in Arkansas on April 27, 1943, nine years before the date of plaintiff's application for insurance benefits. The referee's determination was affirmed by the Appeals Council of the Social Security Administration, and having thus exhausted her administrative remedies plaintiff brought this suit for review pursuant to 42 U.S.C.A. § 405(g). The latter section provides that the findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive.

The Administrator has found that the wage earner was domiciled in Connecticut at the time of plaintiff's application for benefits. This finding, amply supported by the evidence—and indeed not disputed—means that the law of Connecticut controls. The statute provides that in determining whether an

1. 42 U.S.C.A. § 402(b).

applicant is the wife of a wage earner, the Administrator shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which the wage earner was domiciled at the time the applicant files for benefits.[2]

The facts establish that in 1940 the plaintiff commenced an action for separation against the wage earner in the Supreme Court, Bronx County, and that an order was entered directing him to pay a weekly sum for plaintiff's support, which he continues to pay to this day.

In 1942 the wage earner went to the State of Arkansas where, after residence of more than a year, he instituted an action for divorce against plaintiff-petitioner. A final decree was entered on April 27, 1943.

■ The Arkansas judgment of divorce is prima facie valid and entitled to full faith and credit unless plaintiff can successfully attack it in Connecticut for lack of jurisdiction. Plaintiff, under Connecticut law, has the burden of overcoming the validity of the decree.[3]

■ The petitioner centered her attack before the hearing referee upon two items. She denied that (1) she had been served with process in the Arkansas suit, as the court there found; and (2) the further finding that the husband had been a bona fide resident of that State for the statutory three month period required for divorce jurisdiction.[4] Upon the whole record the referee was of the view that the plaintiff did not present sufficient evidence to sustain her attack. Upon a careful review of the transcript of the evidence before the referee, which included the Arkansas decree and the

underlying evidence, I cannot say the referee's finding is not supported by substantial evidence. As to the first ground of attack, nothing more need be said than that a letter sent by plaintiff's attorney in the New York separation suit to the Clerk of the Arkansas court shortly after the filing of suit there casts serious doubt upon her present claim of non-service—if in fact it does not belie it entirely.

As to the second ground of attack, plaintiff offered no documentary evidence but relied upon the husband's "own actions". By this she seemingly referred to the fact that the husband married his second wife upon the granting of the divorce. In effect plaintiff resorts to conjecture and such inferences as she would have drawn from the evidence, had she been the trier of the facts, to negate the Arkansas court's finding that the husband had established a bona fide residence there. It is true there are minor discrepancies between the statements made by the wage earner and his witnesses in the divorce action and a statement allegedly made ten years later to an inspector of the Social Security Administrator, but the referee found this insufficient to show that the Arkansas court did not have jurisdiction, and there is no reason to disturb his finding.

■ Upon the facts as found it is clear that the State of Connecticut would extend full faith and credit to the Arkansas decree of April 27, 1943 [5] and consequently it follows that the plaintiff was not the wife of the wage earner within the meaning of 42 U.S.C.A. § 402 at the time she filed her petition.

I see no occasion to discuss the doctrine of divisible divorce. There is no issue, and none is passed upon, involv-

2. 42 U.S.C.A. § 416(h).

3. Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957, affirming 134 Conn. 440, 58 A.2d 523; also Williams v. State of North Carolina, 325 U.S. 226, 65 L.Ed. 1092, 89 L.Ed. 1577; Esenwein v. Commonwealth of Pennsylvania ex rel. Esenwein, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608.

4. Arkansas Statute 47, Chapter 12, Section 34–1208.

5. Rice v. Rice, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957, affirming 134 Conn. 440, 58 A.2d 523; White v. White, 138 Conn. 1, 81 A.2d 450, 454; Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561; May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221; Hopson v. Hopson, D.C.Cir., 221 F.2d 839.

ing her rights under the New York judgment of separation.

The plaintiff's motion for summary judgment is denied and the defendant's cross motion for summary judgment is granted.

Settle order on notice.