## CIRCUIT COURT OF THE CITY OF RICHMOND

Johnston-Willis Hospital, Inc.

v.

Ruth Bell Sale
and Eubank T. Sale

October 8, 1981

Case No. LE-410

By JUDGE WILLARD I. WALKER

In this case the plaintiff seeks to recover from the defendant husband (Eubank T. Sale) based on the legal obligation impressed upon the husband by the common law to provide medical necessaries for his wife. The matter is now before the court on the defendant husband's demurrer to plaintiff's motion for judgment. The demurrer is based upon Va. Code Ann. § 55-37 (1981 Repl. Vol.) which provides that a husband is not responsible for his wife's contracts; and upon Rule 1:4(d) of the Rules of the Supreme Court of Virginia in that the motion for judgment "fails clearly to inform each defendant of the true nature of the claim against him." For the reasons stated below, I will sustain defendant's demurrer.

The facts of the case pertinent to this decision are as follows:

On seven different occasions, over a six-month period commencing in February, 1980, and ending in July, 1980, Johnston-Willis Hospital, Inc., admitted and/or treated the defendant wife, Ruth B. Sale. On February 3, 1980, Mrs. Sale executed a document entitled "Guaranty Agreement, Assignment and Authorization" by which she guaranteed payment to Johnston-Willis of all charges incurred by her on and after February 3, 1980. Johnston-Willis filed

a motion for judgment against Mr. and Mrs. Sale to collect that portion of Mrs. Sale's hospital bills that remain unpaid. Mr. Sale demurs for the abovestated reasons.

Va. Code Ann. § 55-37 (1981 Repl. Vol.) is part of what is commonly known as the married woman's statute. This section of the code provides that "a husband shall not be responsible for any contract, liability or tort of his wife, whether the contract or liability was incurred . . . before or after the marriage." If the only issue in this case was whether defendant husband is liable upon his wife's contract, standing alone, I would sustain defendant's demurrer based solely upon § 55-37. This section of the code is unambiguous. However, plaintiff is apparently trying to hold defendant husband liable under the necessaries doctrine of the common law. If this is indeed the case, § 55-37 cannot be dispositive of the issue. Since the enactment of this section, the Supreme Court of Virginia has held that "the husband is still entitled to the services of the wife, and is bound for her support." *Hall* v. *Stewart*, 135 Va. 384, 389 (1923). This "Support" includes hospital and medical services, which "were necessaries at common law for which a husband was liable and that such is still true is not open to question." *Floyd* v. *Miller*, 190 Va. 303, 306 (1950).

The defendant husband's argument is centered upon the fact that Mrs. Sale alone signed a contract for these medical services. In fact, Justice Miller referred to this possibility in *Floyd, supra*, when he wrote: "In the absence of an agreement or contract by (the wife) to pay for necessaries, she is not liable therefore. Lacking an agreement on her part to pay, these bills were (the husband's) debts and obligations *alone*. . . he *alone* was liable." (Italics added.) *Floyd* v. *Miller*, *supra*, at 306. This language suggests to the court that, had the wife signed the contract for health care, she would have been *jointly* liable with her husband, not singularly liable merely because a contract was signed. The use of the word "alone" in reference to the husband's obligation in the abovequoted passage makes this point abundantly clear. In other words, the signing of a contract to pay by the wife does not relieve a husband of his common law duty of support.

This leads to the issue of whether the amendments made by the General Assembly in 1975 to Virginia's domestic

relations laws making them gender neutral changed the duty of support placed upon the husband alone by the common law. (Va. Code Ann. §§ 20-61 *et seq.* (1975 Repl. Vol.)) The legislature has completely lifted the distinction between the sexes regarding support and maintenance, and the Supreme Court of Virginia has given full effect to these changes in its post 1975 decisions. At this point, it is important to distinguish *Newport* v. *Newport*, 219 Va. 48 (1978), from other post 1975 cases dealing with support. *Newport*, decided in 1978, dealt with an *ex parte* divorce granted in Nevada in 1973 and a support decree issued in Fairfax County, Virginia, in 1974. Even though *Newport* seems to contain dicta that indicates that the gender based duty of support placed upon the husband by the common law is still alive in Virginia today, one must realize that *Newport* was originally decided prior to the 1975 amendments to the Code; therefore, the Supreme Court decided this case under the common law doctrine. The court has ruled, however, that the amended statutes dictate that "neither party to a divorce has an automatic obligation to support the other." *Bristow* v. *Bristow*, 221 Va. 1, 3 (1980). It is my opinion that the General Assembly intended to place the burden of support upon the spouse who actually does support and has the ability to support, not only when there is a divorce proceeding before the court, but, rather, anytime the issue of support is in question. In short, the legal obligation to support one's spouse is now gender neutral. Va. Code Ann. § 20-61 (1975 Repl. Vol.)

For the above-stated reason, defendant's demurrer must be sustained because plaintiff has failed clearly to inform defendant husband of the true nature of the claim against him. Plaintiff has failed to allege that defendant carried the support obligation in the family, and this allegation must be made in order to sustain an action against the husband on the medical necessaries theory.

Plaintiff, in his motion for judgment, has blended two causes of action: (1) a contracts cause of action against Ruth Sale, and (2) a common law cause of action for medical necessaries provided to one's spouse against Eubank Sale. Plaintiff, in amending his suit, would be well advised to redraft his pleading in two different counts; one count on a contract theory against Ruth Sale

and the second count on a doctrine of necessaries theory against Eubank Sale.

Counsel for the parties will please submit a sketch for an order, properly endorsed, consistent with this opinion and allowing the plaintiff twenty-one days to amend and the defendants twenty-one days thereafter to respond.