## CIRCUIT COURT OF THE CITY OF RICHMOND

Chippenham Hospital, Inc.

v.

Thomas Shelton
and Dorothy Shelton

April 18, 1990

Case No. LR 1008-2

By JUDGE ROBERT L. HARRIS, SR.

On November 13, 1989, this case was heard by the court without a jury. After all of the evidence was presented, the court took the case under advisement, and the attorneys have submitted memoranda of law. There are two issues to be decided. First, whether the hospital is barred by § 32.1-317 from recovering any amounts from Mr. Shelton for the ten days Shelton remained in the hospital after the twenty-one-day period during which Medicaid paid benefits. Second, whether the hospital's claim against Mrs. Shelton under the necessaries doctrine is governed by the one-year statute of limitations of § 8.01-248 or the three-year period for an implied contract under § 8.01-246.

The relevant facts are as follows. On September 30, 1987, Mr. Shelton presented himself at Chippenham Hospital Emergency Room for medical treatment. At the time he was admitted into the hospital, there was no information as to whether he had any insurance or was eligible for medicare or medicaid. Additionally, there was no information provided that he was a veteran and could have received treatment free of charge at the V.A.

Hospital. After he was admitted, it was learned that he was not a medicare recipient, but with the assistance of the hospital personnel, an application was made, and he became eligible for Medicaid benefits two days after his admission to the hospital. The Medicaid benefits provide coverage for twenty-one days only. According to evidence presented at trial, the government agrees to pay health care providers who participate in the Medicaid program a total of $367.00 per day, and the health care provider is forbidden to charge any additional amount above that for the twenty-one days. In this case, the hospital's normal charge was almost twice that amount.

In Mr. Shelton's case, he was hospitalized from September 30 until November 3, 1987. Chippenham Hospital now attempts to recover for the ten days Mr. Shelton remained in the hospital after the twenty-one days that Medicaid paid.

As to the first issue, it is my opinion that § 32.1-317 does not prohibit such charges for several reasons. The language "when the costs of services provided . . . is paid for, in whole or in part, under medical assistance . . ." in my opinion refers to the twenty-one-day covered period paid at the rate of $367.00 per day and does not apply to the uncovered period or the ten days of confinement after the twenty-one-day period has elapsed.

Furthermore, § 32.1-317(2)(b) prohibits the charge if it is made as a condition for the patient's continued stay. It is my opinion that this statute is to prevent contracts of adhesion. That is, Medicaid participating hospitals cannot say to the patient: you either agree to pay our regular charges (the difference between what Medicaid will pay and what is normally charged) or under subparagraph (a) we will not provide medical services or under subparagraph (b) you cannot remain in our facility. However, I do not think Congress or the Virginia General Assembly intended to impose a burden on health care providers to provide treatment free of charge beyond the twenty-one days. The plaintiff may recover for services rendered beyond the twenty-one-day period.

The next issue is whether the three-year or the one-year statute of limitations applies to the spouse who is obligated to pay for the other spouse's necessaries. When Mr. Shelton presented himself to Chippenham Hospital

emergency room, he impliedly agreed that if medical treatment was rendered, he would pay for it. Therefore, as to Mr. Shelton, the patient, we have a contract to pay for medical treatment on an open account, and, of course, the three-year statute of limitations applies to him.

The hospital's claim against Mrs. Shelton is based on the necessaries doctrine. At common law, a husband was liable for the costs of necessaries, including medical services, furnished to his wife by third parties; but the necessaries doctrine imposed no liability on a wife for the necessaries of her husband. *Schilling v. Bedford County Hospital*, 225 Va. 539, 303 S.E.2d 905 (1983). Under the doctrine, a husband was not being held liable for a wife's contract. The costs of the wife's necessaries became the husband's personal debt, owed by him directly to the service provider. *Id*. The form of the husband's obligations was an implied promise, presumed by law, to pay for services rendered to his wife. *Mihalcoe v. Holub*, 130 Va. 425, 431, 107 S.E. 704, 706 (1921).

In *Schilling*, the Supreme Court held that the doctrine was an unconstitutional gender-based classification. *Schilling* at 543, 303 S.E.2d at 908. The legislature then enacted, as part of § 55-37, a gender-neutral necessaries doctrine "as it existed at common law." Thus, the doctrine exists in every respect as it did before *Schilling*, but it now applies to both spouses.

This court can locate no direct holding that a suit based on the necessaries doctrine is an implied contract governed by § 8.01-246. But the language in *Mihalcoe v. Holub* is sufficiently clear as to the character of the debt. The court, in distinguishing another line of cases, noted that "a mere moral obligation is not sufficient foundation for an implied contract." *Mihalcoe* at 431, 107 S.E. at 706. The implication of this statement is that the legal obligation imposed by the necessaries doctrine is sufficient basis for an implied contract. Further, the *Mihalcoe* court noted that "the law . . . will itself presume a promise [on the part of the spouse] to pay from the benefit conferred [on the spouse receiving necessaries]." *Id*. A presumed promise, in my opinion, is similar enough to an implied contract to characterize it as such. I hold that the three-year statute of limitations for implied contracts applies in this case.

Judge Walker's opinion in *Johnston-Willis Hospital v. Sale*, 7 Va. Cir. 81, 83-84 (1981), cited by the defendant, does not dictate a different result. In that case, Judge Walker noted in dicta that the plaintiff should separately plead a contract count against the wife, who received services, and a necessaries doctrine count against the husband. Judge Walker's language is not necessarily inconsistent with my holding here. The wife in that case had executed a guaranty agreement. Thus, the plaintiff should have pleaded one count based upon *express* contract against the wife and another count based on the promise implied by the necessaries doctrine against the husband. The *Sale* case did not concern the character of the obligation imposed by the necessaries doctrine for statute of limitations purposes.

Because plaintiff's claims were timely filed, it may recover against both the husband and the wife.