# CIRCUIT COURT OF THE CITY OF NORFOLK

Cathay Shepard

v.

Cordies Moore, Jr.

September 22, 2011

Case No. (Civil) CL11-0882

BY JUDGE CHARLES E. POSTON

Upon consideration of the pleadings, arguments presented, and applicable authority, this Court denies the Defendant's motion to dismiss because the Plaintiff may recover funeral costs from the Defendant pursuant to the common law doctrine of necessaries. Furthermore, the Plaintiff is not barred from bringing a *de novo* appeal to this Court because her claim at bar asserts a different cause of action from her former action to enforce an alleged pension contract with the Defendant.

## Background

The Plaintiff and Phyliss Moore, who died in 2009, were sisters. The Defendant is Ms. Moore's widower and the father of Anetra Quarshie, who served as attorney in fact for Ms. Moore under the terms of a power of attorney executed by Ms. Moore.

On or about August 6, 2009, the Plaintiff sued the Defendant in the Circuit Court of the City of Norfolk for specific performance of the Defendant's personal promise to pay the Plaintiff $60,000 in proceeds from Ms. Moore's pension (the "Pension Claim"). The Court granted the Plaintiff a nonsuit on October 1, 2009. On the same date, the Plaintiff refiled the claim in the Circuit Court of the City of Norfolk against the Defendant in his capacity as the administrator of Ms. Moore's estate for recovery of the $60,000 in pension proceeds under the alleged contract (the "Refiled Pension Claim"). On December 4, 2009, the Court sustained the Defendant's demurrer because the Refiled Pension Claim sought to hold the Defendant liable in his personal capacity, not his capacity as administrator

of Ms. Moore's estate. The Court also granted the Plaintiff's motion for leave to amend the Refiled Pension Claim. Because the Plaintiff failed both to amend the Refiled Pension Claim and to appear for a March 2010 scheduling conference, the Court dismissed the case without prejudice on March 15, 2010.

The Plaintiff filed a new complaint in the Norfolk General District Court on September 13, 2010, alleging that the Defendant owes her $10,201.25 for funeral expenses related to Ms. Moore's burial (the "Funeral Expense Claim"). The Plaintiff presented a funeral receipt demonstrating that she, not the Defendant, paid $10,201.25 for the funeral. The Funeral Expense Claim was dismissed in January 2011 without comment, and the Plaintiff provides no explanation for the dismissal in her submission in opposition to the Defendant's motion to dismiss.

The case at bar is a *de novo* appeal from the General District Court of Norfolk. The Defendant made an oral motion to dismiss the Plaintiff's complaint on two grounds. First, "a demurrer had been granted dismissing the Plaintiff's claim to which the Plaintiff had not filed an amended complaint." Second, or alternatively, the Plaintiff "had failed to refile in the circuit court," and had, instead, improperly filed in the General District Court of Norfolk.

The Plaintiff responded that the Funeral Expense Claim arises from a different theory than the Pension Claim or the Refiled Pension Claim. She claims that her filing in the General District Court of Norfolk was proper because the claim is for the recovery of funeral expenses under the doctrine of necessaries, while the previous claims were to enforce a promissory note to receive the $60,000 in proceeds from Ms. Moore's pension. Furthermore, the Plaintiff claims that not only is the basis of the claim different, but the Defendant is being sued in his personal capacity, whereas the Refiled Pension Claim was against the Defendant in his capacity as the representative of Ms. Moore's estate.

In his reply, the Defendant states that the Plaintiff's Bill of Particulars, filed in the General District Court, claimed that the Defendant's basis of liability arose from the alleged pension proceeds promissory note. However, the Defendant also acknowledges that the Plaintiff has "abandoned that claim and now appears to rely for recovery of funds expended under the doctrine of necessaries." The Defendant still asserts that the Funeral Expense Claim should be dismissed, arguing that § 64.1-136.1 of the Code of Virginia establishes that "[l]iability for claims for funeral expense . . . are claims against the estate of the deceased" and that the Plaintiff's action should be dismissed because the Plaintiff brought the claim against the Defendant personally and not against the estate.

*Analysis*

The Defendant's motion to dismiss is denied because the Plaintiff has a valid claim under the doctrine of necessaries against the Defendant, personally, for costs the Plaintiff incurred as a result of Ms. Moore's funeral and burial. Second, the Plaintiff is not barred from seeking an appeal in this Court because the Defendant has conceded that the Plaintiff is pursuing a remedy under a theory different from the one in the Pension Claims. Assuming *arguendo* that the Defendant has not so conceded, the Plaintiff is, nevertheless, entitled to raise the doctrine of necessaries as a theory of liability for the first time on her *de novo* appeal to this Court.

## A. *The Plaintiff Has a Cause of Action under the Doctrine of Necessaries*

The Plaintiff has a valid claim against the Defendant under the doctrine of necessaries because the doctrine imposes upon a spouse a *personally liability* for a deceased spouse's funeral and burial costs for which a third party has paid. The Defendant is incorrect as a matter of law when he states that the Plaintiff's action should be dismissed because § 64.1-136.1 of the Code of Virginia extends liability solely to a decedent's estate.

The Virginia General Assembly has adopted the doctrine of necessaries "as it existed at common law . . . [and] appl[ies] it equally to both spouses. . . ." Va. Code Ann. § 55-37 (1985); *see also Schilling v. Bedford County Mem'l Hosp., Inc.*, 225 Va. 539, 542 (1983) (holding that § 55-37 "did not affect the common law necessaries doctrine"). The Commonwealth of Virginia has adopted the common law of England, and that law shall be "the rule of decision, except as altered by the General Assembly." Va. Code Ann. § 1-200 (2005). At common law, "[i]t was generally conceded that . . . the husband was bound for the funeral expenses of his wife." *Hall v. Stewart*, 135 Va. 384, 386 (1923). Furthermore, this spousal obligation is a personal duty and not derived from a third party's claim against the decedent's estate, such that "the husband is liable on his personal indebtedness." *Schilling*, 225 Va. at 542; *see also Hall*, 135 Va. at 393. The surviving spouse's obligation is "an implied promise, presumed by law, to pay for services rendered to his wife." *Chippenham Hosp., Inc. v. Shelton*, 19 Va. Cir. 298, 300 (1990) (also discussing how § 55-37 of the Code of Virginia was changed to be gender neutral to withstand constitutional challenges). Furthermore, notice is not required to create the debt. *Morris v. Commonwealth, Dept. of Social Serv., Div. of Support*, 13 Va. App. 77, 83 (1991).

In this case, the Plaintiff, a third party, paid $10,201.25 for Ms. Moore's funeral and burial costs. The Defendant is Ms. Moore's surviving spouse. As a surviving spouse, the Defendant has a statutory and personal duty to pay for Ms. Moore's funeral expenses under § 55-37 and the common law doctrine of necessaries. The Plaintiff has, in fact, brought a valid action

against the Defendant in his personal capacity for reimbursement of Ms. Moore's funeral expenses under the doctrine of necessaries. Therefore, the Defendant's motion to dismiss is denied.

B. *Claim Preclusion Is Not a Bar to the Plaintiff's Current Case, and the Defendant Is Not Challenging the Plaintiff's Right To Argue a New Theory for Her De Novo Appeal in This Court*

The Plaintiff's claim against the Defendant for reimbursement of Ms. Moore's funeral costs is not barred by the Defendant's sustained demurrer in the Refiled Pension Case. Furthermore, the Plaintiff is entitled to argue in a *de novo* appeal to this Court that the Defendant is liable under the doctrine of necessaries.

First, the Plaintiff's action at bar is distinguishable from her actions in the Refiled Pension Claim case and is not precluded. The Supreme Court of Virginia requires four separate identities to be present for claim preclusion to apply. The Court requires "identity of the remedies sought," "identity of the cause of action," "identity of the parties," and "identity of the quality of the persons for or against whom the claim is made." *Smith v. Ware*, 244 Va. 374, 376 (1992).

In *Smith v. Ware*, the plaintiff, whose deceased husband devised a house to his sister, sued the sister for the right to occupy the house and then brought a subsequent suit for commutation of her dower interest in the house. 244 Va. at 376. The court held that these were separate causes of action and thereby destroyed the identity of the cause of action. *Id.* Similarly, the Plaintiff is now seeking reimbursement of $10,201.25 in funeral expenses, not specific enforcement of the $60,000 pension proceeds contract, thus, destroying the identity of cause of action. Therefore, the Plaintiff's Funeral Expense Claim is not barred by claim preclusion.

Second, the Defendant concedes in his Reply that the Plaintiff is no longer seeking to show that the Defendant is liable for the funeral expenses under the alleged pension contract. He, instead, hopes to dismiss the Plaintiff's claim by arguing that he is not personally liable. Even if he had challenged the Plaintiff's ability to argue the doctrine of necessaries on appeal, he would not prevail because the Plaintiff may argue whatever theory of liability that goes to the merits of her case on her *de novo* appeal. *Gravely v. Deeds*, 185 Va. 662, 664 (1946) ("The appeal is, in effect, a statutory grant of a new trial. . . . The question on appeal is not whether the judgment of the justice is correct but whether the accused is guilty of the offense charged.") The Plaintiff's action rests on the notion that the Defendant is liable for his wife's funeral costs, and the Plaintiff may articulate that the doctrine of necessaries establishes liability on appeal.

## *Conclusion*

The Defendant's motion to dismiss is denied because the Plaintiff is entitled to pursue the theory that the Defendant is personally liable under the doctrine of necessaries. Furthermore, the Defendant's motion to dismiss is denied because the Plaintiff's Pension Claims and the Funeral Expense Claim at bar are different causes of action and because the Plaintiff may raise the doctrine of necessaries as a theory of liability on *de novo* appeal to this Court, as acknowledged by the Defendant.